**TEACHERS CREDIT UNION, Plaintiff-Appellant,**

v.

**Donald E. HUDSON and Florence Hudson, Defendants-Respondents.**

**No. 25143.**

Kansas City Court of Appeals, Missouri.

Feb. 2, 1970.

Jorge A. Elliott, Kansas City, for plaintiff-appellant.

H. George Lafferty, Jr., Kansas City, for defendants-respondents.

JAMES W. BROADDUS, Special Commissioner.

This is an action based upon two promissory notes. The petition is in two counts. Count I involves a note dated September 10, 1963, in the face amount of $1828.04, payable to plaintiff, Teachers Credit Union, at the rate of $70 per month, with interest at 8% on any unpaid balance, and signed by Ralph George as maker, and defendant, Donald Hudson as "co-maker."

Count II is based upon a note dated May 21, 1964, in the amount of $739.90, payable to plaintiff, Teachers Credit Union, at the rate of $50 per month with interest at 8% on any unpaid balance, and signed by Ralph George as maker, and defendants, Donald Hudson and Florence Hudson as "co-makers."

Both notes contained a provision for an attorney fee "for collection equal to twenty percent of the balance of the principal, which remains due and unpaid after there

has been credited against said balance the combined share and deposit account of the maker of the note in the Credit Union."

The petition alleged that the defendants failed to make payments as provided in the notes and prayed judgment in the amount of $923.17 in Count I, and $745.49 in Count II.

Defendants answers consisted of a general denial and in addition, affirmatively plead that plaintiff made a material misrepresentation to the effect that the collateral securing the notes would be sufficient to satisfy the payments in the event of default by the primary maker; that defendants were accommodation parties only and would not be required to make payments on the notes; that there was no consideration for the signing of said notes.

On behalf of plaintiff Mr. Robert E. Dysart testified that the two notes, plaintiff's Exhibits 1 and 2, were part of the business records of the plaintiff and that he was the custodian of them. He testified that the total amount due on Exhibit 1 was $923.17, and the total amount due on Exhibit 2 was $905.21. He further testified that the total amount due included principal, interest and attorney's fees. Mr. Dysart had no personal knowledge of what transpired at the time the notes were signed as he was not then employed by plaintiff.

Defendant Donald Hudson testified that he signed the notes at the request of a Mr. Pickney, plaintiff's secretary, who personally handled the transactions and that Mr. Pickney told him that deductions would be taken from Mr. George's pay check each month to pay the installments; that the notes were secured by chattel mortgages; that he (Hudson) would not have to pay as the chattel mortgages would "take care of it;" that he did not receive "any money or any consideration of any kind." Defendant Florence Hudson's testimony was to the same effect.

The jury returned a verdict in favor of plaintiff on Count I in the amount of $230, and for $227 on Count II. Plaintiff filed a motion to enter judgment in accordance with its motion for a directed verdict. Defendants filed a motion to set aside the verdict and enter judgment in their favor. Both motions were overruled. Plaintiff has appealed.

Plaintiff contends *first:* That the court erred in overruling its motion for a directed verdict. And, *second:* that Instructions Nos. 3 and 5 given on behalf of defendants were erroneous. These instructions submitted the affirmative defense set forth in defendants answer that the notes were executed at the request of plaintiff with the mutual understanding that they were not to be paid by defendants, and that defendants received no consideration.

These contentions we need not discuss for the simple reason that the jury found *for* and not against *plaintiff.* At a very early date our Supreme Court stated in the case of McFadin v. Rippey, 8 Mo. 738, 740:

"An erroneous decision of the court *against the party obtaining the verdict* is certainly not a sufficient ground to require its reversal." (Italics ours)

Thus, if any error occurred, which we are convinced there was not, it was not prejudicial to plaintiff. Only errors that are prejudicial to an appellant will be reviewed. Summers v. Cordell, Mo., 187 S.W. 5, Sect. 512.160 V.A.M.S.1949.

There remains but one question. It involves plaintiff's contention that the verdict was inadequate and should have been corrected by the trial court.

Plaintiff's counsel asked the following questions of the witness Dysart: "Q. Could you tell how much the total amount due on the note identified as Plaintiff's Exhibit No. 1 is, the total amount due? A. $923.17. Q. Does that include principal, interest and attorney fee? A. Yes, it does. Q. And what is the total amount due on Plaintiff's Exhibit 2? A. $905.21. Q. Does that also include principal, interest and attorney fee? A. Yes, it does."

The applicable rule is stated by this court in the case of Allison v. Mountjoy, Mo.App., 383 S.W.2d 314, as follows:

"When a verdict shall be found for the plaintiff in an action for the recovery of money only, then the jury shall also assess the amount of recovery * * *. In line with the statute is the general rule that in suits for a money judgment it is the province of the jury to determine all issues, including those concerning liability and damages. In those situations controlled by the general rule the court is without authority to add to the amount the jury has awarded as damages and thus increase that award."

The testimony of Mr. Dysart set out above is the only evidence in the entire transcript as to the amount of damages. And, as is to be noted, the two figures given include principal, interest and attorney fee without in any way breaking down the amount of the principal therein, the amount of interest and the amount of the attorney fee. The amount of interest asked for does not appear in evidence nor does the date from which the interest began, nor was there any specific amount of principal due offered in evidence. Plaintiff produced none of its records showing the amounts of the payments made on the notes or when those payments were received. The notes themselves contain no credit endorsements. The amount of the "deposit accounts" the maker (George) had in the plaintiff Credit Union was not shown. The twenty percent attorney fee could only be calculated on the unpaid "balance of the principal." What that balance was at any time was never shown. The jury simply had no way of knowing, nor did the trial court, nor does this court, based upon the evidence as shown in the transcript, know what the exact amount of principal, interest or attorney fee was. Under these circumstances it is clear that the trial court committed no error in denying plaintiff's request.

The judgment should be affirmed. Your Special Commissioner so recommends.

PER CURIAM:

The foregoing opinion by JAMES W. BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court and the judgment is affirmed.

All concur.