CRYSTAL TIRE COMPANY, a Corporation, Plaintiff-Respondent,

v.

HOME SERVICE OIL COMPANY, a Corporation, Defendant-Respondent,

and

C. E. S. Truck Lines, Inc., a Corporation, Defendant-Appellant.

No. 53952.

Supreme Court of Missouri, Division No. 2.

March 8, 1971.

Motion to Modify Decree Denied April 12, 1971.

Earl R. Blackwell, Hillsboro, for plaintiff-respondent.

Dearing, Richeson, Roberts & Wegmann, Roland A. Wegmann, Hillsboro, Holtkamp & Amelung, Alvin G. Holtkamp, Robert A. Wulff, St. Louis, for defendant-respondent, Home Service Oil Co.

Robertson, De Voto, Wieland & Lange, L. A. Robertson, Morton K. Lange, St. Louis, Attorneys for defendant-appellant, C. E. S. Truck Lines, Inc.; Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, of counsel.

DONNELLY, Presiding Judge.

This is an action for damages resulting from an explosion and fire in Jefferson County, Missouri, which occurred July 5, 1966. Plaintiff Crystal Tire sued defendants Home Service and C.E.S. for $394,-758.98. Each defendant cross-claimed against the other. Trial was had and a verdict was returned by the jury on March 28, 1968. This verdict was not accepted by the trial court. A second verdict was returned by the jury on March 29, 1968. On plaintiff's claims, this verdict found for Home Service and against C.E.S., and assessed plaintiff's damages at $251,000. On the cross-claims of Home Service against C.E.S., this verdict found for Home Service and against C.E.S., and assessed Home Service's damages at $800. On the cross-claims of C.E.S. against Home Service, this verdict found for Home Service and against C.E.S. After-trial motions were filed by plaintiff and C.E.S., and were overruled. Plaintiff and C.E.S. appealed. This opinion is written on reassignment.

The following facts (related by C.E.S. in its brief) are not in dispute:

Plaintiff's amended petition proceeded on general negligence under the *res ipsa loquitur doctrine* and alleged that the defendant C.E.S. owned and maintained certain gasoline tanks on its premises in Crystal City, Missouri, which adjoined plaintiff's premises; that the defendant Home Service owned and operated a certain gasoline transport truck, which on the day in question was being used to deliver gasoline to the tanks of the defendant C.E.S. on the adjoining premises as aforesaid; and further alleged that the aforesaid tanks, truck and appurtenances were under the sole care, operation, supervision, control, maintenance and ownership of the said defendants, and were by said defendants exclusively controlled.

It further alleged that it was the duty of the defendants to use care to operate and maintain the aforesaid facilities so that the same should not cause explosions or fire, but that wholly disregarding such duty, the defendants did, on the 5th day of July, 1966, carelessly and negligently cause, suffer and permit said facilities to explode and burn, thereby damaging and setting fire to the premises and property of the plaintiff and destroying same.

The amended petition further alleged that the plaintiff had no knowledge of the maintenance and operation of the aforesaid facilities and had no control whatsoever over the same and that the same were under the sole control, supervision and ownership of the defendants, and prayed judgment against the defendants in the amount of $394,758.98.

We must first determine whether the res ipsa loquitur doctrine is available to plaintiff against these *two* defendants under the facts and circumstances of this case. All parties agree that Crystal Tire's premises adjoined land owned by C.E.S.; that on the C.E.S. land was located a gasoline storage tank which C.E.S. used to service its fleet of trucks; that on July 5, 1966, as the storage tank was being filled with gasoline from a transport truck owned and operated by Home Service, an explosion occurred; and that the resulting fire spread to Crystal Tire's premises and destroyed them.

We acknowledge the temptation in this case to leave the tortuous and sometimes illogical path of res ipsa loquitur (see The Procedural Effect of Res Ipsa Loquitur in Missouri [1953], Wash.U.L.Q. 464; Application of Res Ipsa Loquitur in Suits Against Multiple Defendants [1954], Wash. U.L.Q. 215; and 2 Harper & James, The Law of Torts, § 19.7, p. 1088), and to attempt to chart a new course which would forthrightly recognize the right of a plaintiff to get to the jury "if he can show that there is an occurrence which normally would not happen but for negligence on the part of someone, that the defendants were probably connected with the occurrence and are likely to have more information or access to information than the plaintiff." McCoid, Negligence Actions Against Multiple Defendants, 7 Stanford L.Rev. 480,

505. However, such a departure is not necessary in this case.

■ The Missouri law, as it has developed through the years (McCloskey v. Koplar, 329 Mo. 527, 46 S.W.2d 557; Barb v. Farmers Insurance Exchange, Mo.Sup., 281 S.W.2d 297; Layton v. Palmer, Mo. Sup., 309 S.W.2d 561, and Willis v. Terminal Railroad Association of St. Louis, Mo. Sup., 421 S.W.2d 220), is that the res ipsa loquitur doctrine only applies when: (a) the occurrence resulting in injury is such as does not ordinarily happen if those in charge use due care; (b) at the time the negligence is committed, defendants have actual *joint* control, or the right of *joint* control, of the instrumentalities involved; and (c) defendants possess superior knowledge or means of information as to the cause of the occurrence.

■ In our opinion, a res ipsa loquitur case was established by the evidence against both defendants: (1) the filling of a tank with gasoline does not ordinarily result in an explosion if those in charge use due care; (2) at the time the explosion occurred, Home Service was in actual *control* of the instrumentalities (the truck and the tank) necessary for the filling operation, and C.E.S. had the right to control such instrumentalities; and (3) plaintiff was *totally* ignorant of the filling operation. We hold that plaintiff made a submissible case against both defendants under the res ipsa loquitur doctrine.

■ Plaintiff first asserts on appeal that the "trial court erred in not sustaining plaintiff's motion for judgment on the pleadings against defendant Home Service Oil Company with respect to the liability of said defendant * * * for the reason that defendant Home Service Oil Company had filed no responsible pleading denying the averments in plaintiff's pleading as required by law and said averments were therefore admitted by defendant Home Service Oil Company as provided in Section 509.100, RSMo 1959, V.A.M.S., and Supreme Court Rule 55.11, V.A.M.R.; and

for the further reason that said defendant Home Service Oil Company did not show good cause or any cause whatsoever for not having filed a responsive pleading; that plaintiff had the right to rely and did in fact rely upon said defendant's failure to file such a pleading as an admission by said defendant of the averments in plaintiff's petition; and that the trial court erred in permitting defendant to file a denial pleading after the trial had begun in violation of statute and prejudicial to plaintiff's right of reliance on said defendant's failure to have denied plaintiff's allegation with respect to said defendant's negligence."

We have concluded that this point is without merit. Under S.Ct. Rule 44.01, V.A. M.R., the trial court was given the discretion to permit Home Service to file its answer out of time "where the failure to act was the result of excusable neglect." On the record in this case, we cannot say that the trial court abused its discretion in this regard.

■ Plaintiff next asserts that the "trial court erred in not entering judgment for plaintiff and against both defendants for the sum of $251,000.00, judgment against each defendant on each defendant's cross-claim for damages, and judgment against each defendant on each defendant's cross-claim for indemnity, on the initial verdict returned by the jury."

This point relates to the verdict returned by the jury on March 28, 1968. It reads as follows:

"We, the jury, hereby award damages in the amount of $251,000 to the plaintiff Crystal Tire Company, of this amount defendant CES Truck Lines, Inc. shall pay $175,700 and defendant Home Service Oil Company shall pay $75,300. We, the jury, find the cross-claims for damages shall be denied and that CES Truck Lines, Inc. and Home Service Oil Company shall pay their own damages.

/s/ Ivan G. Martin Foreman"

It is apparent that the jury attempted by this verdict to apportion the damages be-

tween C.E.S. and Home Service. All parties agree that this was impermissible. Neal v. Curtis & Co. Mfg. Co., 328 Mo. 389, 41 S.W.2d 543, 557. (Cf. MAI No. 36.05.) However, plaintiff urges that the verdict clearly manifests the jury's intention to award damages in the amount of $251,000 in favor of plaintiff and against both defendants; that the trial court should have treated as surplusage the attempt by the jury to apportion damages between defendants, and that the trial court should have reformed the verdict "to conform to the issues and to give effect to what the jury * * * clearly found."

The applicable law is exhaustively stated in Thorne v. Thorne, Mo.Sup., 350 S.W.2d 754, 757, and it need not be repeated here. Plaintiff relies upon State ex rel. St. Louis Public Service Co. v. Becker, 334 Mo. 115, 66 S.W.2d 141, 144, 145. In the Becker case, this Court approved the action by the St. Louis Court of Appeals of disregarding the apportionment language in the verdict in that case and of allowing the verdict to stand as a general verdict. We agree with Home Service's contention that the intention of the jury was more clearly expressed in the Becker case than here. We also agree that Haley v. Byers Transportation Company, Mo.Sup., 394 S.W.2d 412, cited by plaintiff, is not in point on the facts. However, the Byers case does reaffirm the proposition that a verdict must be liberally construed to ascertain the jury's intent, and if "such intention is ascertainable, and the verdict includes findings on the issues required, * * * it would be error for the trial court to refuse to accept the verdict." (394 S.W.2d 412, 415.)

The transcript on appeal reveals that at 8:15 p. m., March 28, 1968, the jury returned the questioned verdict. The trial court conversed with counsel for all parties in his chambers, and then recessed until the morning of March 29, 1968, when the following transpired:

"THE COURT: Senator Blackwell has a record to make.

"MR. BLACKWELL: I wish to concur in the statement by Counsel for Defendant C.E.S. Truck Lines and Home Service Oil Company in that the verdict should be accepted, with the additional statement that the verdict does cover all issues which were submitted to the Jury, although it isn't, perhaps, an entirely perfect form. However, the Court can determine from this verdict returned by the Jury that the Jury intended to bring a total verdict in of $251,000 against both defendants. The Court can further determine that the Jury intends to find against both defendants on each of their cross-claims. The Court can further find from the verdict that the Jury intended no indemnification on the part of either defendant. Therefore, since the Court can determine the intent of the Jury with respect to all issues submitted to the Jury I believe that the verdict should be accepted and that the Court should enter its own verdict in the proper form with a finding for the Plaintiff against both defendants for the total sum of $251,000; a finding against each defendant on its cross-claim, and a finding against these defendants on indemnification with respect to the other defendant.

"And the plaintiff so does make that request at this time that the Court enter its own verdict based upon a determination of the Jury's intent with respect to all issues by virtue of the verdict the Jury has returned.

"THE COURT: Mr. Weier, have you anything to add?

"MR. WEIER: No, not at this time, Your Honor.

"THE COURT: Mr. Robertson, do you have anything to add?

"MR. ROBERTSON: No further statement.

"THE COURT: Let's go off the record a moment.

"(Whereupon, a short discussion was had off the record, after which the following was had:)

"MR. ROBERTSON: I want the record to show that I'm objecting and excepting to it being referred back to the Jury for further consideration and object to any instruction or additional instructions, verbal or oral, verbal, oral or written with reference to any further deliberations insofar as the matter is concerned.

"MR. BLACKWELL: Judge, has it occurred to the Court that Counsel for all three parties here have said that the verdict should be accepted?

"THE COURT: With the reservation by Mr. Lange that a mistrial should be declared.

"MR. ROBERTSON: That's right.

"MR. BLACKWELL: Oh, well, sure, I'm not worried about any mistrial.

"THE COURT: But now, for the record, the verdict, the purported verdict has not been accepted as the verdict of the Jury, but the Court is inclined to remind the Jury that the instructions require five verdicts and nothing more. Now, do you want to make an objection to that before we go in the courtroom?

"MR. WEIER: Judge, I'm a little bit afraid to give them any further oral instruction because Mr. Robertson has indicated that he objects to anything of that nature and I don't want to get any error in here if I can keep from it at this time.

"MR. BLACKWELL: Well, maybe it'd be best if nobody wants to agree to anything on clarifying to the Jury; just hand it back to them and say you'll have to return another—well—

"THE COURT: Does either of the three sets of Counsel have any further written instructions to submit?

"MR. ROBERTSON: On behalf of C. E. S., no.

"MR. BLACKWELL: Did you say, Judge, does any Counsel have any further written instructions to offer?

"THE COURT: Yes.

"MR. BLACKWELL: On behalf of the Plaintiff no, no further written instructions.

"MR. WEIER: On behalf of Home Service Oil we have none.

"THE COURT: All right. Let's go back in.

"(The following was had within the hearing and presence of the Jury:)

"THE COURT: Ladies and gentlemen of the Jury, the purported verdict is not in an acceptable form and I must return you to your jury room with the instructions and with the request that you re-read Instruction No. 23 and proceed with your deliberations. You may go with the Bailiff, if you please.

\* \* \* \* \* \*

"Whereupon, the Jury retired to the jury room for further deliberation."

On this record, we have concluded that the trial court erred in refusing to accept and reform the verdict returned on March 28, 1968.

We recognize that this holding changes the complexion of the whole case. The parties, particularly Home Service Oil Company, have not had the opportunity to assert their respective positions with reference to such a result. Accordingly, the cause is reversed and remanded with the following directions:

(1) the trial court shall accept the verdict of March 28, 1968, and shall enter a general judgment in the amount of $251,000 in favor of plaintiff and against both defendants; in favor of defendant C.E.S. Truck Lines, Inc. on defendant Home Service Oil Company's cross-claims; and in favor of defendant Home Service Oil Company on defendant C.E.S. Truck Lines, Inc.'s cross-claims;

(2) the trial court shall permit all parties to file motions for new trial from said judgment, if they desire, and shall rule thereon; and

(3) the trial court shall thereafter permit all parties, adversely affected, to again appeal to this Court.

The judgment is reversed and the cause remanded.

All of the Judges concur.