CRYSTAL TIRE COMPANY, Plaintiff,

v.

HOME SERVICE OIL COMPANY,
Appellant-Respondent,

and

C.E.S. Truck Lines, Inc.,
Respondent-Appellant.

No. 57140.

Supreme Court of Missouri,

En Banc.

July 14, 1975.

John S. Marsalek, Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, Louis A. Robertson, Robertson, Ely & Wieland, St. Louis, for C.E.S. Truck Lines, Inc.

Dearing, Richeson, Roberts & Wegmann, Roland A. Wegmann, Hillsboro, Holtkamp & Beckemeier, A. G. Holtkamp, E. Thomas Liese, St. Louis, for Home Service Oil Company.

HENLEY, Judge.

This case is the sequel to *Crystal Tire Company v. Home Service Oil Company and C.E.S. Truck Lines, Inc.*, reported in 465 S.W.2d 531 (Mo.1971). It involves an appeal by each of the two defendants from an adverse judgment on its cross-claim against the other. An opinion deciding the case was written in Division II, but on a dissenting opinion being filed the case was transferred to the court en banc. Supplemental briefs were thereafter filed by the parties and the case was again argued and submitted, after which the Division opinion failed of adoption and the case was reassigned.

A brief outline of the case is necessary.[1] Crystal Tire Company (Crystal Tire) sued Home Service Oil Company (Home Oil) and C.E.S. Truck Lines, Inc. (C.E.S.) for damages to its property resulting from a fire and explosion which originated on, and spread to plaintiff's property from, the premises of C.E.S. while Home Oil's transport truck was delivering gasoline to storage tanks of C.E.S. Each defendant filed a cross-claim against the other in two counts, the first count seeking indemnity for any sum the cross-claimant was required to pay the plaintiff and the second seeking damages for injury to the cross-claimant's property resulting from the fire.

Crystal Tire's claim against Home Oil and C.E.S. was based upon, and submitted to the jury on, general negligence under the res ipsa loquitur doctrine. The cross-claim

---

1. A more detailed statement of the pleadings and the facts may be found in 465 S.W.2d 531.

of each defendant against his codefendant was based upon, and submitted to the jury on, specific negligence and, as to the instructions of each on the counts for indemnity, required a finding whether such negligence was active or passive.

Home Oil's cross-claim charged that C.E.S. was negligent (1) in locating and maintaining its gasoline storage tank in close proximity to lot lines; (2) in failing to provide and maintain a dike around the storage tank; (3) in failing to maintain a valve or vent on this tank which would function to allow the escape of vapor and gas therefrom; and (4) in failing to correct information given Home Oil by C.E.S. that it was out of gas. The cross-claim of C.E.S. charged that Home Oil was negligent (1) in allowing gasoline to overflow the storage tank of C.E.S. and spill out over its premises thus causing gas fumes to permeate the air; and (2) in racing its truck motor while undertaking to correct a defect therein when Home Oil knew, or should have known, that sparks would be emitted therefrom and cause the gas fumes to ignite and explode.

The first verdict returned by the jury was refused by the trial court because it apportioned plaintiff's damages between the two defendants. This verdict was in two parts: (1) in favor of Crystal Tire for $251,000 which directed that of this amount C.E.S. pay $175,700 and Home Oil pay $75,-300; and (2) against each cross-claimant on his cross-claim. The next day, after further deliberation, the jury returned verdicts: (1) in favor of Crystal Tire and against C.E.S. on plaintiff's claim and again assessed plaintiff's damages at $251,000; (2) in favor of Home Oil and against Crystal Tire on plaintiff's claim; (3) in favor of Home Oil on its cross-claim against C.E.S. and assessed Home Oil's damages at $800; and (4) against C.E.S. on its cross-claim against Home Oil. These verdicts were accepted by the trial court and judgments entered accordingly. As indicated, these judgments were reversed on appeal and the cause remanded with directions. 465 S.W.2d at 535.

In accordance with these directions, the trial court accepted the first verdict which had been returned by the jury and entered a general judgment: (1) for $251,000 in favor of Cyrstal Tire and against both defendants; and (2) against each cross-claimant on its cross-claim. After unavailing post-trial motions, defendants-cross-claimants appealed to this court. Within a few days thereafter, and in accordance with a stipulation between them, each of these appellants paid into the registry of the trial court for the benefit of Crystal Tire one-half of the amount of plaintiff's judgment (with accrued interest), and this money has been disbursed by the circuit clerk to plaintiff. The stipulation provided, inter alia, that acceptance of this money by plaintiff "shall not waive, alter or affect * * * the right of defendants, on appeal from said judgment, to litigate further all issues remaining between them regarding their respective claims against each other arising out of the subject matter of this action and the tender and deposit herein provided for." Consequently, the appeals from the judgment in favor of Crystal Tire have been abandoned, leaving for review only the issues relative to the two cross-claims. We will deal with them separately.

## HOME OIL'S CROSS–CLAIM

In its first point, Home Oil contends it is entitled as a matter of law to judgment on its cross-claim against C.E.S. for both property damage and for damages awarded Crystal Tire against it, because, as a matter of law, the negligence of C.E.S. was active and the negligence, if any, of Home Oil was passive.

Home Oil at no time moved the court for a directed verdict in its favor on its cross-claim against C.E.S., but joined in submitting its case to the jury on its claim against C.E.S. Accordingly, its point that

it was entitled to judgment as a matter of law on its cross-claim was not preserved for appellate review. *Stanziale v. Musick,* 370 S.W.2d 261, 266[5] (Mo.1963). In any event, had the point been preserved, we would be impelled to find it without merit. Home Oil had the burden of proving its cross-claim. The evidence on which it relied was oral. Assuming, without deciding, that it made a submissible case, it was within the province of the jury to reject the evidence and find against Home Oil. *Parsons Construction Co. v. Missouri Public Service Co.,* 425 S.W.2d 166, 172[7, 8] (Mo.1968).

Home Oil's second point is that "the court erred in reading to the jury instruction No. 2 immediately after instruction No. 1 and before instruction No. 3, instruction No. 2 being the '[facts not assumed]' instruction [MAI 2.02], which instruction, according to MAI, is to be given to the jury * * * immediately before the form of verdict instruction, which in this case was instruction No. 23."

The Notes on Use require, as Home Oil asserts, that this instruction be given in every case immediately before the form of verdict instruction. This court has held that it was prejudicial error to fail to give MAI 2.02 (*Brannaker v. Transamerican Freight Lines, Inc.,* 428 S.W.2d 524, 537[17–20] (Mo.1968)) and has required strict adherence to the "Notes on Use" (*Davis v. St. Louis Southwestern Railroad Co.,* 444 S.W.2d 485, 489 (Mo.1969)). Rule 70.01(d)[2] requires, in part: "Original instructions which are to be given shall be consecutively numbered and shall be given as instructions of the court. Except where otherwise provided in Missouri Approved Instructions,

they shall be given in such order as the court shall deem advisable."

■ The record is not clear regarding the order in which the instructions were read to the jury. In preparation of the transcript of the record, the reporter did not set out, in their numerical order, the instructions given. They were arranged in four separate groups: (1) those given at the request of plaintiff (Nos. 4, 5, 7, 9 and 10); (2) those given at the request of Home Oil (Nos. 6, 11, 12, 13, 14, 17, 20 and 22); (3) those given at the request of C.E.S. (Nos. 8, 15, 16, 18, 19, 21); and (4) those given at the court's direction (Nos. 2, 3 and 23).[3]

■ If the instructions were given (read) to the jury in this order, then instruction No. 2 was not given "immediately before the form of verdict instruction," (No. 23); instruction No. 3 (burden of proof, MAI 3.01, modified) separated the two. If the instructions were given (read) in the order of their consecutive numbering, as required by the Rule, then 20 instructions separated the giving of No. 2 from No. 23. The consecutive numbering of the instructions, except Nos. 2 and 3, follows a logical pattern in submitting the issues presented by the claim of plaintiff and the respective cross-claims of the defendants. We are inclined to the view that the court gave (read) the instructions in their numerical order, as the rule contemplates. In doing so, however, it did not give No. 2 at the point required by the Notes on Use applicable to MAI 2.02. This failure was error, as much so as a failure to give the instruction at all was in *Brannaker v. Transamerican Freight Lines, Inc., supra.* The number and nature of the several factual issues in this case

2. References to rules are to Missouri Supreme Court Rules, V.A.M.R.

3. This practice in preparation of the transcript avoids, as it did here, showing with each instruction in the transcript not only by which party it was tendered, etc., but also the notation whether it is an MAI instruction (with the MAI number), an MAI instruction modified (with the MAI number), or a "Not in MAI" instruction. Also, by so grouping the instructions the record may be rendered not clear as to whether an instruction required by the Rule and Notes on Use to be given at a certain point in the proceedings is so given. The practice is contrary to the letter and spirit of the Rule applicable to MAI, is condemned, and will not be tolerated.

illustrate the need for the giving of this instruction at the point required by its Notes on Use. Since it has not been made clear that no prejudice could have resulted from the failure to give this instruction at the point required, the error is presumptively prejudicial. The judgment in favor of C.E.S. on Home Oil's cross-claim must be reversed and remanded for this reason if for no other.

This appellant next contends that the court erred in giving instruction No. 16,[4] the verdict director of C.E.S. on its cross-claim against Home Oil for indemnity, because (1) it did not require a finding that the negligence of Home Oil was active negligence; and (2) the instruction was based upon damages being sustained by C.E.S. and not damages sustained by Crystal Tire.

■ The second reason why the giving of instruction 16 was error was not assigned as such in Home Oil's motion for new trial and, therefore, is not preserved for review.

■ The issues presented by this instruction were resolved by a verdict and judgment in favor of, not against, this appellant, Home Oil. Home Oil is in no position to complain of an alleged error in an instruction submitting the cross-claim of C.E.S., since the verdict and judgment on this claim was in Home Oil's favor. *State ex rel. Francesconi v. Aetna Casualty & Surety Co.,* 350 S.W.2d 418, 420[5] (Mo.App. 1961); *Teachers Credit Union v. Hudson et al.,* 450 S.W.2d 483, 484[2] (Mo.App.1970). Home Oil does not contend that the giving of instruction 16 prejudiced it in connection with its cross-claim against C.E.S. In the circumstances presented, we may not say that the error, if any, against this appellant in the giving of this instruction materially affected the merits of the action. Rule 84.13(b).

■ Home Oil's last point is that "the court erred in giving * * * instruction No. 15 [5] at the request of * * * C.E.S., because said instruction placed an undue burden upon defendant Home [Oil] to prove that plaintiff sustained damage before the jury could find in favor of Home [Oil] on its cross-claim for damages."

C.E.S. asserts that this instruction did not, as Home Oil contends, direct a verdict for C.E.S. on Home Oil's claim for its damages unless the jury found that plaintiff (Crystal Tire) suffered damage. C.E.S. argues that instead, it directed a verdict for C.E.S. on Home Oil's cross-claim, which included both its claim for indemnity and for damage to its property, unless both the plaintiff and Home Oil sustained damages.

Instruction 15 is the only instruction tendered by C.E.S. to converse Home Oil's claim and apparently it intended by this one instruction to converse both of Home Oil's verdict directing instructions, No. 11 (for indemnity) and No. 13 (for damages to its delivery vehicle). C.E.S. was entitled to

4. Instruction No. 16 is as follows: "Your verdict must be for the defendant C.E.S. Truck Lines, Inc., on Count I of its cross-claim for indemnity against defendant Home Service Oil Company, whether or not defendant C.E.S. Truck Lines, Inc. was negligent, as submitted to you in instructions numbered *7 & 11* if you believe:

"First, such negligence of the defendant C.E.S. Truck Lines, Inc. was passive and not active as that term is otherwise defined in these instructions, and

"Second, defendant Home Service Oil Company filled the gasoline tank of the defendant *C.E.S. Truck Lines, Inc.* beyond its capacity, and thereby caused and permitted an unusual amount of gasoline and gasoline fumes to overflow said tank and permeate the area in the vicinity thereof, and

"Third, defendant Home Service Oil Company was thereby negligent, and,

"Fourth, as a direct result of such negligence defendant C.E.S. Truck Lines, Inc. sustained damage."

5. Instruction No. 15 is as follows: "Your verdict must be for defendant C.E.S. Truck Lines, Inc. on defendant Home Service Company's cross-claims unless you believe that defendant C.E.S. Truck Lines was negligent, and that plaintiff and Home Service Oil Company sustained damage as a direct result thereof."

have the court give a separate converse for each of these two verdict directing instructions, but in combining the two to avoid increasing the number of instructions to be given, it inadvertently brought error into the case. Instruction 15 misdirected the jury, because it required the jury to find, before it could return a verdict for Home Oil on its cross-claim for damages to its property, that Crystal Tire also sustained damage, whereas Home Oil's right to recover on that part of its cross-claim is not dependent upon whether Crystal Tire sustained damage. While Home Oil's right to recover indemnity is dependent upon whether Crystal Tire sustained damage *and* whether the jury would find against Home Oil for such damages, its right to recover damages for injury to its property is not so dependent. But this instruction makes it so and thus misdirects the jury. It was error to give it.

C.E.S. insists that Home Oil could not have been prejudiced by instruction 15, because the uncontroverted fact is that Crystal Tire did sustain damage as a result of the fire and explosion. Whether or not Crystal Tire sustained damage was still a live issue for determination by the jury at the time the instructions were given. Plaintiff and both of these defendants tendered and the court gave instructions submitting this issue for resolution by the jury. Until resolved, the jury could find against the plaintiff on that issue, and it does not, in these circumstances, answer the question of whether the error was prejudicial to say that Home Oil could not have been prejudiced by a requirement that the jury find an uncontroverted fact. The error is assumed to be prejudicial and C.E.S., as proponent of the instruction, has failed to demonstrate that no prejudice could have resulted. *Murphy v. Land*, 420 S.W.2d 505, 507[5] (Mo.1967).

## C.E.S.'S CROSS–CLAIM

■ In its first point, C.E.S. contends that the court erred to its prejudice on its cross-claim against Home Oil by admitting in evidence over its objection testimony of Marvin L. Salzenstein (1) regarding parts of a code of regulations or recommendations promulgated by the National Fire Protection Association relating to standards of practice for fire prevention and safety in connection with the storage of gasoline; and (2) regarding his opinion and conclusions, based upon speculation and guess, and matters not in evidence, as to what the gasoline storage tank of C.E.S., and its gauge, vent and other equipment might or could have caused, and what might or could have happened if these facilities were defective.

Mr. Salzenstein testified, over objection of C.E.S., that the National Fire Protection Association regulations "deal with" (1) normal venting of an 8000 gallon capacity above-ground gasoline storage tank, the size and of the type involved in this case, so that gasoline vapors would disperse to a safe location; (2) the requirement for emergency venting, in addition to normal venting for breathing purposes, where, as here, the tank is constructed with a strong roof (there was evidence that this tank did not have an emergency vent); (3) the requirement that a gasoline storage tank of this capacity, not protected by a water spray, be located not closer than 30 feet from property lines (a building on Crystal Tire's property was shown to be seven feet from C.E.S.'s storage tank; and (4) the use of a dike around such a tank to contain its contents within the area in the event the tank should rupture (there is evidence that there was no dike around this tank but no evidence that the tank had ruptured).

The court overruled the objections of C.E.S. and admitted this evidence on the question of negligence on the theory that it had been shown to be, and was, evidence of custom and usage, the "usual and accepted practice in the industry." C.E.S. contends and argues that it was not so shown, that no foundation was laid for the admission of evidence of rules and regulations of the National Fire Protection Association.

In *Goslin v. Kurn*, 351 Mo. 395, 173 S.W.2d 79, 86[9] (1943), this court said: "To make a custom effective it must be shown to have been general, uniform, certain, and notorious, known to the parties, or so general and universal in its character that knowledge must be presumed." Later, referring to *Goslin, supra*, the court said in *Davis v. Gatewood*, 299 S.W.2d 504, 509[3, 4] (1957), "Proofs of a custom cannot be said to be sufficient to submit that issue to the jury unless there is substantial evidence to show that what is claimed to be custom amounts to a definite, uniform, and known practice under certain definite and uniform circumstances."

Home Oil argues that it did lay a foundation for the admissibility of these rules and regulations, apparently contending that it did so by proof of Mr. Salzenstein's qualifications as an expert. Proof of his qualifications does not supply the proof required for the admission of these rules and regulations as evidence of custom and usage in the industry. There was no evidence in this case to show that rules and regulations of the National Fire Protection Association represented the usual and accepted practice in the industry of those who store large quantities of gasoline in circumstances such as these. Furthermore, there was no effort made to make such proof. The admission of this evidence was error prejudicial to C.E.S.

■ The second part of the first point briefed by C.E.S., relates to the testimony of the witness Salzenstein as an expert in the field of fire prevention and safety in storing gasoline in large quantities. Much, but not all, of his testimony is based on an assumed condition of the tank's breather vent and its content gauge, conditions not shown to have existed before or at the time of the explosion and fire. To the extent that it is not based on facts and adequate data, his opinion testimony was not admissible, *Gaddy v. Skelly Oil Co.*, 364 Mo. 143, 259 S.W.2d 844, 848–853[7–12] (1953), and to this extent the trial court erred. To

separate, identify and describe specifically the parts of this witness's testimony which were admissible and which were not, would serve no useful purpose and would only lengthen unduly this opinion. These cross-claimants now have the benefit of the thoughts and briefs of their codefendants and thus may be guided intelligently as to the admissibility of this expert testimony in any new trial of the cross-claims.

■ The next point of C.E.S. is that the court erred, to its prejudice on its cross-claim, in excluding parts of the testimony of its witness, Kenneth Peterson, which would show that in the general area of the location of its business there were no "customs or accepted practices" relative to fire prevention and safety practices in connection with the storage above-ground of large quantities of gasoline.

After Home Oil's objection to this evidence was sustained, C.E.S. made an offer of proof, as follows: "I'd like to make an offer of proof that if this witness was permitted to testify, he'll testify that he has looked at 12 to 15 different stations with the same and similar type of gauge equipment on it and that further, he found that not one of the stations any trenching, ditching, or etc., and also that the tanks he found in the areas of business establishments within three to five feet and one particularly here in the City of Hillsboro, being a Zephyr Station, with the tanks, two 8500 gallon tanks within five feet of the Robinson Lumber Co. and two feet of the building next door."

No more effort was made to lay the proper foundation for the admission of this evidence than there was to support the admission of the regulations and recommendations of the National Fire Protection Association tendered by Home Oil. This evidence was not admissible for the same reasons, but to exclude it "was unfair and plainly prejudicial in denying [C.E.S.] a refutation by evidence of like character as had been introduced by [Home Oil] in support-

ing [its cross-claim]." *Gatzke v. Terminal Railroad Ass'n of St. Louis*, 321 S.W.2d 462, 467 (Mo.1959).

C.E.S. also contends that the court erred in giving instruction No. 17,[6] tendered by Home Oil, in that (1) it erroneously permitted the jury to find that Home Oil's act of overfilling C.E.S.'s tank, as submitted in instruction No. 16,[7] was passive, not active, negligence, when, as a matter of law, said act was active negligence; and (2) it is in conflict with the law of the case as declared by this court in *Crystal Tire Co. v. Home Service Oil Co. et al.*, 465 S.W.2d 531, 533.

As to the second part of this point, C.E.S. has reference to what the court said in determining whether the res ipsa loquitur doctrine was available under the facts of this case to the plaintiff Crystal Tire against these *two* defendants. In holding that Crystal Tire had made a submissible res ipsa case against both Home Oil and C.E.S. we said: "In our opinion, a res ipsa loquitur case was established by the evidence against both defendants: (1) the filling of a tank with gasoline does not ordinarily result in an explosion if those in charge use due care; (2) at the time the explosion occurred, Home Service was in actual control of the instrumentalities (the truck and the tank) necessary for the filling operation, and C.E.S. had the right to control such instrumentalities; and (3) plaintiff was totally ignorant of the filling operation. We hold that plaintiff made a submissible case against both defendants under the res ipsa loquitur doctrine."

What is said by the court on that issue is the law of the case as to Crystal Tire's claim against both defendants. It is not the law of the case with respect to each defendant's cross-claim against the other submitted on primary negligence. It is not binding on these defendants on the question of which one of them was guilty of active negligence and which passive. A jury could, under these facts, reach a result different from and inconsistent with what is said in the above quotation from *Crystal Tire Co. v. Home Service Oil Co. et al.*, in determining the issues involved in the two cross-claims. *Page v. Hamilton*, 329 S.W.2d 758, 764–767[8–13] (Mo.1959).

With reference to the first part of this point, the question of whether Home Oil negligently overfilled the tank of C.E.S. was for the jury to decide, as was the related next question of whether this act, in the circumstances of this case, was active or passive negligence. It may not be said that the act hypothesized in instruction 16 was, considered with the other facts, active negligence as a matter of law. The contention of C.E.S. that instruction 17 authorized the jury to find that the act hypothesized in paragraph second of instruction 16 was *passive* negligence is without merit. Instruction 17 authorized the jury to find for Home Oil unless it believed, inter alia, that Home Oil was *actively* negligent, and in this respect the instruction was a true, although not exact, converse; it does not mention *passively* negligent except in connection with C.E.S. And, if the jury did not find the facts to be as hypothesized in instruction 16, this would not be a finding of passive negligence instead of active; it would be a finding of no negligence insofar as that submission is concerned.

C.E.S. next contends that the court erred, to its prejudice on its cross-claim, in giving instructions numbered 11 and 13 tendered by Home Oil, because, among other reasons, neither instruction was supported by sufficient substantial evidence.

**6.** Instruction 17, Home Oil's converse of instruction 16, is as follows: "Your verdict must be for defendant Home Service Oil Company on the cross-claim of defendant C.E.S. Truck Lines, Inc. for indemnity unless you believe that defendant Home Service Oil Company was actively negligent and defendant C.E.S. Truck Lines, Inc. was passively negligent as submitted in instruction No. 16, and that plaintiff sustained damage as a result thereof."

**7.** See footnote 4 for instruction 16, C.E.S.'s verdict director on its cross-claim for indemnity.

Instructions 11 (for indemnity) and 13 (for property damage) submitted in the disjunctive identical wrongful acts and omissions which, if found by the jury, would, according to Home Oil's theory, authorize a verdict for Home Oil. Those acts or omissions were that C.E.S. negligently: "[1] failed to maintain a vent on its storage tank that would allow the escape of vapor or gas, or [2] failed to provide and maintain a dike or drainage bed around its storage tank, or [3] placed and maintained the storage tank close to a lot line, or [4] represented that its storage facilities were empty, when in fact it had gasoline  *  *  *."

Much of the evidence in support of these four alleged negligent acts or omissions came from the witness Salzenstein regarding the rules and regulations of the National Fire Protection Association, which we have held inadmissible because a proper foundation had not been laid for its admission. And some of the supporting evidence came from this witness as an expert based on assumed conditions not shown to have been supported by facts and adequate data, which we held also to be not admissible. Without this evidence there was not sufficient substantial evidence to support all of the disjunctive submissions. Furthermore, as to the submission of failure to provide and maintain a dike or drainage bed around the storage tank for the purpose of containing any gasoline that would spill from the tank, Home Oil concedes that the evidence is "that there was no gasoline whatsoever on the ground surrounding the surface tank." Hence, not only was there no substantial evidence from which the jury could have found that the omission submitted in (2) constituted negligence or was the proximate cause of the explosion and fire, it flies in the face of the evidence.

While it is not clear that the submission of these acts and omissions in instructions 11 and 13, not all of which are supported by the evidence, were prejudicial to C.E.S. on its cross-claim, we consider the question close enough to justify these remarks for the benefit of the parties in the event of a new trial.

The last point of C.E.S. is that the court erred, to its prejudice on its cross-claim, in giving instruction No. 7 of plaintiff Crystal Tire. It would serve no useful purpose to consider and rule on this point, because Crystal Tire will not be a party in any new trial of these cross-claims and that or a similar instruction will not be given.

For the reasons stated, the judgment against each cross-claimant on its cross-claim is reversed and the cause is remanded.

SEILER, C. J., and MORGAN, HOLMAN, FINCH and DONNELLY, JJ., concur.

BARDGETT, J., concurs in result.