**FIRST STATE BANK OF JOPLIN,**
**Plaintiff-Respondent,**

v.

**Burnal BROWN, Defendant-Appellant.**

No. 10702.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 6, 1979.

Karl W. Blanchard, Jr., Blanchard, Van Fleet, Martin, Robertson & Dermott, Joplin, for plaintiff-respondent.

L. Thomas Elliston, Elliston & Webster, Webb City, for defendant-appellant.

**432**

BILLINGS, Presiding Judge.

A Newton County jury found in favor of plaintiff First State Bank of Joplin in its suit on a guaranty agreement signed by defendant Burnal Brown. The agreement guaranteed payment of a note executed by Thomas Schroeder to plaintiff in connection with a loan made to Schroeder so he could purchase stock in a corporation in which defendant was a principal stockholder. Judgment was entered on the verdict for the balance due under the note, including interest, and for attorney's fees. We affirm.

The only trial issue was whether defendant executed the guaranty in his individual capacity, or as president of the corporation. It was defendant's theory that he signed the guaranty agreement in blank with the understanding it was to be a guaranty of the corporation. We have reviewed the trial testimony and exhibits bearing on this issue and conclude there was substantial evidence to support the jury's verdict.

Defendant's principal point on appeal is that the trial court erred in giving MAI 2.02 [Facts Not Assumed] as the first instruction after the close of the evidence, because it is required to be given as the next to the last instruction immediately before the Form of Verdict instruction. MAI 2.02 "Notes on Use." In support of this assignment we are cited to *Crystal Tire Co. v. Home Service Oil Co.*, 525 S.W.2d 317 (Mo. banc 1975). This case holds that the failure to give MAI 2.02 as stated by the "Notes on Use" is error, and presumptively prejudicial. However, *Crystal Tire* further recognizes that such deviation is not reversible error, if it is made clear that no prejudice resulted therefrom. We find no prejudice in the instant case. As stated above, the question for resolution was the capacity in which defendant signed the guaranty. The guaranty, showing on its face that it was signed by defendant, was an exhibit. A bank officer identified her signature as a witness to the guaranty. The former bank president testified he agreed to make Schroeder the loan only if defendant personally guaranteed the loan and the latter

agreed to do so. Defendant stated he signed three or four guaranties in blank and they were to be corporate guaranties. The issue was simple, not complex. The change in order of giving MAI 2.02 could not, in our opinion, have confused or misled the jury and did not result in prejudicial error.

We have reviewed defendant's remaining assignments. No error of law appears and they are ruled against defendant pursuant to Rule 84.16(b).

The judgment is affirmed.

HOGAN and MAUS, JJ., concur.