Clara Beth **COPPEDGE**, Appellant,

v.

**MISSOURI HIGHWAY AND TRANS-PORTATION COMMISSION,**
Respondent.

No. 57498.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 7, 1991.

James P. Holloran, P.C., St. Louis, for appellant.

John G. Enright, St. Louis, Thomas B. Gilliam, Jr., Richard Tiemeyer, Kirkwood, for respondent.

GARY M. GAERTNER, Presiding Judge.

Clara Beth Coppedge, appellant, appeals from a jury verdict exonerating the respondent, Missouri Highway and Transportation Commission, from liability in an automobile collision. Appellant's sole point of error concerns the trial court's sustaining many of respondent's objections to hypothetical questions appellant asked of the expert witness. We affirm the judgment of the trial court.

The evidence at trial revealed that on December 11, 1985, appellant was driving her car in the westbound lane of Highway 50, just east of Gerald, Missouri. Raymond Spinner, who was travelling eastbound on Highway 50 at the same time as appellant, lost control of his car when it hit a patch of ice on the highway. The two cars collided and appellant sustained serious injuries to her face, arms and legs.

Appellant brought suit in the Circuit Court of St. Louis City against Mr. Spinner, his wife (the owner of the car),[1] Paul and Kathleen Hinson (owners of the property adjacent to the accident) and the respondent. Appellant's claim, for our purposes, was that the drainage ditch on the eastbound side of the highway was improperly maintained and allowed water to cover a portion of the highway. The Hinsons

---

1. A default judgment was entered against Mr. Spinner since he did not answer the appellant's petition. Mr. Spinner did not testify at trial. Appellant voluntarily dismissed Mrs. Spinner from the suit before trial with prejudice.

were granted a directed verdict at the close of appellant's evidence and the jury found in favor of respondent. The jury assessed appellant's damages at $200,000.00. Appellant appeals from the jury's verdict in favor of the respondent.

Appellant asked the expert witness numerous hypothetical questions and respondent objected to nearly each one of them. Appellant, in her statement of facts, grouped into six categories the hypothetical questions to which she claims the trial court erroneously sustained respondent's objections. Therefore, we will review appellant's arguments in the context of a series or group of trial court actions, as appellant has briefed them.

Appellant's allegation of negligence against respondent was that the respondent breached its duty to properly maintain the drainage ditch which ran adjacent to the eastbound portion of Highway 50. Appellant alleged that the ditch filled with water west of a driveway because the pipe which was to transport water underneath the driveway was blocked. This blockage caused the water to accumulate in the ditch and eventually to spill out onto and across the highway. Appellant alleged that the water had frozen by the time Mr. Spinner's car reached that portion of the highway, causing Mr. Spinner to lose control of his car and collide with appellant's car.

Appellant, at trial, established that there had been similar accumulations of water and ice at this location prior to the day of the accident. There was testimony that water had accumulated on the highway, just to the west of the accident earlier during the day of the accident. It was not clear from the testimony whether this water was the result of rain or from melting snow.

Two police officers who arrived on the scene of the accident testified that there was ice on the highway where Mr. Spinner's automobile skidded before colliding with appellant. One of the officers testified that he encountered fifteen to twenty different patches of ice as he was driving westbound on Highway 50 on his way to the scene of the accident. No one, however, testified that the drainage ditch was filled with water or had flooded onto the highway.

■■■ With this background, appellant presented the testimony of a Mr. Dabler, a civil engineer who testified regarding the construction and maintenance of highway drainage systems. The court sustained a number of respondent's objections to hypotheticals and appellant, on appeal, challenges the court's actions regarding four sets of hypotheticals.[2] The first set contained the following hypothetical:

Q (by Mr. Holloran): All right. I want you to assume again what I've asked you to assume before, Mr. Dabler, and that is water after rain, there's no other—is [at] no other area on Highway 50 except this area near this driveway and that water would come on to the roadway from the right of way as you've indicated where it would have to come from and it would come on the roadway near gravel drive A,[3] fan out across and ultimately flow into the north side or off the north side of the roadway. If that condition existed on numerous occasions at least from the late 1970's up until 1985, in your opinion, was this right of way being properly maintained if that condition was permitted to occur?

The court sustained respondent's objection to the hypothetical because of insufficient evidence and because the court found that the answer did not require an expert opinion. The court also stated that the question improperly called upon the expert to render his conclusion of an issue to be decided in the case.

■■■ We note that if the subject matter of the hypothetical is one of every day experience, where the jurors are competent

---

2. Appellant cited six sets in her statement of facts but only referred to four of the sets in her argument. We will only address those four sets appellant raised in the argument portion of her brief.

3. "Gravel drive A" refers to the driveway just east of the point where the water (ice) began its trek across the highway.

to decide the issues, then opinion testimony is properly rejected. *Wessar v. John Chezik Motors, Inc.,* 623 S.W.2d 599, 602 (Mo. App., W.D.1981). Yet, if the subject matter of the hypothetical is one with which the jurors would not likely be conversant and where the expert's opinion would be of value to them, then it is no valid objection that the opinion is upon the ultimate jury issue (or is conclusory) or that it invades the province of the jury. *Id.* The trial court is afforded wide latitude in determining whether the proffered testimony is a proper subject for expert testimony and this discretion is rarely overturned on appeal. *Id.*

In this regard, the court stated that the jury was capable of rendering an opinion as to whether there was a failure to maintain the ditch which led to appellant's injuries. The court also noted that the issue of maintenance of the ditch adjacent to the highway was not unclear to the jury. We do not find the court's reasoning to be beyond its discretion.

■ Moreover, an expert's opinion must be based either upon facts within the expert's personal knowledge and observations or upon facts supported by competent evidence. *Jackson v. H.D. Lee Co., Inc.,* 772 S.W.2d 742, 748 (Mo.App., S.D.1989). The hypothetical, in our case, asked the expert, assuming that water had entered the highway from near the driveway in the past, whether this meant that the right of way was being properly maintained. This leap of logic was not supported by any facts, either in evidence or within the knowledge and observations of Mr. Dabler. The hypothetical sought to establish that, since there was water on the highway, improper maintenance must have been the cause. The court properly determined that the hypothetical did not provide a sufficient factual basis for Mr. Dabler's opinion.

■ Representative of the next set of hypotheticals appellant asserts were proper, is the following question:

Q: All right. I want to ask you to assume some facts to be true. I want you to assume that on that day and that night, there was no ice in the City of Gerald, there was no ice on Highway 50 except at an area starting just west of gravel drive A where I have marked start of ice, that that ice continued down to approximately the area where I have marked end of ice, that that's the only area in the City of Gerald and on Highway 50 in this area where a patch of ice existed, and I'd like to ask your opinion, sir, based upon reasonable engineering certainty whether or not that patch of ice that I've described that started at this point just west of the driveway and ended between the two driveways was caused as a result of the drainage ditch not properly taking water and keeping it off the highway.

After the court sustained the objection, appellant rephrased the question, with very little variance, and asked Mr. Dabler his opinion as to the source of the water (ice) on the highway. Respondent's objection was sustained again.

■ The court's sustaining of the objections hinged on there not being a sufficient evidentiary basis for the questions. Regarding the first objection, the testimony that had been adduced at this point confirmed only that no other patches of water or ice had been noticed east of the accident by any of the witnesses. Not only was there evidence regarding the existence of water or ice west of the accident, but respondent later offered the testimony of a police officer who stated that he encountered numerous patches of ice on Highway 50, east of the accident. Expert testimony, which is based on an assumption not proven by the evidence, is inadmissible. *See Crystal Tire Co. v. Home Service Oil Co.,* 525 S.W.2d 317, 324 (Mo. banc 1975); *Rosenberg v. Pritchard Services,* 774 F.2d 293, 295 (8th Cir.1985).

Based on an offer of proof, the court determined that the second question sought Mr. Dabler's opinion that the ice on the highway came from a clogged ditch. The court sustained the objection to this question since no evidence was adduced that the ditch was clogged the day of the accident. Indeed, the investigating officer who testified during appellant's case in chief stated

that he did not notice the ditch to be filled or overflowing immediately following the accident.

The third set of hypotheticals consisted of questions which asked Mr. Dabler to render his opinion as to whether the drainage ditch was being properly maintained and called upon Mr. Dabler to assume the same facts in evidence which we addressed regarding the previous set of hypotheticals. Specifically, appellant asked Mr. Dabler to assume that the only water or ice upon Highway 50 occurred just west of the driveway and sought Mr. Dabler's opinion that the water came from the ditch without a factual basis to support the ditch being full or flooded at the time of the accident. We cannot say that the trial court abused its discretion in sustaining respondent's objections.

The final set of hypotheticals occurred during appellant's redirect examination of Mr. Dabler. The hypothetical queries in this set asked the following:

Q ...: All right. I want you to assume, Mr. Dabler, that on December the 11th, a patch of ice existed in an area beginning just west of driveway A covering one or both lanes to a point somewhere between driveway A and driveway B. I want you to assume that the condition existed on the evening of December the 11th, all right?

\* \* \* \* \* \*

And I want you to assume that no other conditions, ice conditions existed in the City of Gerald which is just as you know to the right of the drawing as we look at it, and nowhere else on Highway 50 as observed by Officer Flora would that ice condition exist, and accumulation of water that froze in the area that I've told you to assume that it did freeze, would that have occurred had the right of way and the paved surface of the highway been draining properly?

The court sustained the objection based on the lack of evidence of the condition of the rest of Highway 50 and because there was no evidence that the drainage ditch had overflowed the day of the accident. A number of subsequent hypothetical ques-

tions were asked Mr. Dabler, and the court sustained objections to these questions on the basis of repetition of testimony and since some of the questions were not within the scope of respondent's cross-examination. We have reviewed the record and find no error in the trial court's ruling.

The deficiency underlying most of the hypotheticals was the fact that no evidence was ever adduced that the drainage ditch in question was filled or overflowed the day of the accident. In *Rosenberg v. Pritchard Services*, tenants and the owner of a building which was damaged by a fire sought damages from the building's cleaning company, Pritchard Services. The plaintiffs alleged that defendant's employee had emptied ashtrays into a burlap sack which contained flammable waste and that this action caused the fire. *Rosenberg*, 774 F.2d at 294. The plaintiffs were able to establish that the particular employee (and other employees of Pritchard) had, on occasion, emptied ashtrays into these burlap sacks. *Id.*

Two expert witnesses testified during the bench trial that the fire started because un-extinguished smoking materials ignited the contents of the burlap sack. *Id.* The 8th Circuit, commenting upon the District Court's striking the expert's opinion from the record, stated that the opinions were improper since the hypothetical question asked the experts to assume that the employee had emptied the ashtrays into the burlap sack the day of the fire. *Id.* at 295. There was no evidence establishing that the employee had done so on the day of the fire. *Id.* at 294–95.

Likewise, in the case at bar, there was certainly evidence establishing that the highway was often covered with water just west of the driveway. Further, Mr. Dabler testified that the pipe underneath the driveway was blocked subsequent to the accident and was likely also blocked on the day of the accident. However, there was no evidence that the drainage ditch had overflowed on the day of the accident.

Despite numerous objections by respondent and despite the fact that many of respondent's objections were sustained, Mr.

Dabler was able to offer testimony establishing that respondent's proper maintenance of the right-of-way included keeping the water in the drainage ditch flowing. Mr. Dabler testified that maintenance would also entail making sure that the pipe underneath the driveway was not blocked and that it was his opinion that the pipe was, indeed, blocked on the date of the accident. If the pipe was blocked, Mr. Dabler opined that this would cause water to overflow from the ditch and spill out onto the highway. Therefore, not only do we find that the court did not err in its restrictions upon Mr. Dabler's testimony, but it's clear that appellant was not prevented from presenting the admissible opinions of her own expert.

The judgment of the trial court is affirmed.

CRIST and AHRENS, JJ., concur.