Lou Jean BLOOM, Plaintiff-Respondent,

v.

CITY OF INDEPENDENCE, Ray A. Heady, Mitzi A. Overman, E. Lee Comer, Jr., Charles E. Cornell, Dr. Ray Williamson, Dr. Duane Holder, Bill Alumbaugh, Bruce Lowrey, Defendants-Appellants.

No. KCD 30410.

Missouri Court of Appeals, Western District.

Oct. 29, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 3, 1979.

James S. Cottingham, City Counselor, by John M. Gibson, Asst. City Counselor, Independence, for defendants-appellants.

Gene P. Graham, Independence, for plaintiff-respondent.

Before SHANGLER, P. J., and SWOFFORD and CLARK, JJ.

CLARK, Judge.

Lou Jean Bloom, as plaintiff below, sought judicial review pursuant to Section 536.100, et seq. RSMo 1969 of the decision of the council of the City of Independence denying her a home occupation permit to operate a beauty shop. Some nineteen months after the filing of plaintiff's petition, no record of proceedings before the council, transcript or agreed statement of the case having been presented, defendants moved to dismiss the cause for failure of plaintiff to comply with Rule 100.06. Plaintiff thereupon moved for an order allowing the filing of the record out of time. The circuit court overruled both motions, vacated the order of the city council denying plaintiff's home occupation permit and remanded plaintiff's application to the council for rehearing. Defendants appeal.

From the record made at the hearing on the respective motions of the parties and exhibits received consisting of answers to admissions requests and interrogatories, the applicable facts may be briefly extracted.

Plaintiff had made an application to defendant city's Planning Commission for a home occupation permit. After hearing, the application was recommended for approval. By reason of protests filed by adjacent property owners, however, commission action was not conclusive and the case was advanced to the city council for final action as provided by ordinance. At a hearing subsequently conducted by the council, the application was disapproved. Although the customary practice at such council hearings is to preserve the record by use of a tape recorder, at the hearing on plaintiff's application the recorder malfunctioned and no verbatim record was made or preserved.

Defendants contend that the circuit court erred in failing to sustain defendants' motion to dismiss and in remanding the case for rehearing for the reason that plaintiff must be deemed to have forfeited her cause of action for review by neglecting to file the transcript record. The order overruling plaintiff's motion for leave to prepare and file the transcript out of time is not a subject of this appeal, plaintiff apparently being content with the opportunity again to present her application to the city council.

Initially to be considered is the question of whether the disposition of the case by the circuit court constitutes a final judgment subject to appeal and, hence, whether jurisdiction lies. In apparent recognition of this latent problem, the entry by the circuit court included the following: "The judgment and order herein is final for purposes of appeal." Although not expressly stated, it is assumed that such designation was intended to be under the authority of Section 512.020, RSMo 1969 and Rule 81.06.

■ Generally, a judgment is not final and appealable until the circuit court has exhausted its jurisdiction and the issues decided are beyond its control. *Staab v. Thoreson*, 579 S.W.2d 414, 417 (Mo.App. 1979). The order overruling defendants' motion to dismiss is therefore not an appealable order and is not subject to review except as jurisdiction may otherwise be acquired by reason of final judgment having subsequently or contemporaneously been entered.

In view of the recognized fact that failure of the city's tape recorder had rendered production of a verbatim record impossible, and there being no indication that the parties by agreement and stipulation could have authored a statement of the case, the circuit court was incapable of proceeding with review under Rule 100.07. Under these circumstances, the circuit court elected, sua sponte, to remand the case for rehearing, at which time a record was directed to be made and preserved for potential review. Such order remanding the case for rehearing was a final judgment and affords a vehicle to review the issue of disposition of defendants' motion to dismiss. Appellate jurisdiction therefore lies in this case by the nature of the judgment and not by the circuit court's designation of finality which is regarded as surplusage.

■ The essence of defendants' contention on this appeal is that Rule 100.06(a) requires the filing of the transcript record within thirty days and that a major breach of the time limit, here nineteen months, obligates the court to order dismissal of the cause. Somewhat differently phrased, it is defendants' position that the court's discretionary authority with respect to time limits is abrogated where delay is extreme or flagrant.

Rule 100.06(d) places upon the party seeking judicial review of a decision made by an administrative officer or body the responsibility for causing the record to be filed. Of course, the nature and content of the record depends on the type of administrative agency which considered the case, the character of the proceedings before the agency and the aspects of the case on which judicial review is to focus. In the subject case, plaintiff claimed to be aggrieved by the decision of the city council and by conduct of the hearing which preceded the decision. The record here would therefore of necessity include the council proceedings. As was earlier shown, mechanical failure made that record unavailable.

Failure of a party to file the record within thirty days under Rule 100.06 does not

peremptorily extinguish the right to judicial review for the reason that the court is, by Rule 44.01(b) accorded the discretionary authority to grant relief from time limits in proper circumstances. Except for those acts specifically excluded and not subject to enlargement of time, the court may obviate the penalty of elapsed time where, after notice and hearing, the omission is found to be the result of excusable neglect. Such is a discretionary exercise, whether relief be granted or denied, and is reviewable for abuse. *Crystal Tire Company v. Home Service Oil Company*, 465 S.W.2d 531, 533 (Mo. 1971).

Under the facts of this case, it is apparent that an order extending plaintiff's time to file the record would have been of little value. While defendants suggest that plaintiff could have obtained from the city clerk the official minutes of the council meeting and thus have provided the record, the content or extent of such minutes is not described and such are not represented to be the equivalent of a verbatim record. Regardless of the content of the clerk's minutes, however, the circuit court by its order returning the case for rehearing concluded by implication that such minutes would be inadequate and in its order directed that the evidence on rehearing be preserved for review. We cannot and do not find that the circuit court's order was an abuse of its discretion, particularly under the circumstances here where the equipment which failed was a device customarily provided by defendants for the express purpose of subsequent record transcription.

The cases cited by defendants in which petitions for review were dismissed for failure to file the record timely are distinguishable. In *Gore v. Wochner*, 558 S.W.2d 333 (Mo.App.1977), plaintiffs obtained the transcript of a hearing before the St. Louis Civil Service Commission but did not present a motion to authorize late filing until 301 days after it was due. The only excuse offered was a change in attorneys and the opinion found that the circuit court had not abused its discretion in dismissing the case. In *State ex rel. Euge v. City of St. Louis*, 472 S.W.2d 666 (Mo.App.1971), the cause was dismissed when, after one extension of time, with no transcript produced, the plaintiff sought further time on the basis of fatuous grounds. Dismissal there was affirmed. In neither case was production of the record delayed or inhibited as here by external factors beyond the plaintiff's control.

Defendants additionally urge that the circuit court improperly concluded that such record as was available, absent the verbatim transcript, was incomplete and that the remand for rehearing was therefore faulty. Such argument is premised on defendants' assessment of the adequacy of what would constitute a record had the city clerk's minutes been provided and supplemented by written stipulation under Rule 100.06(a).

Apart from the absence of speculation as to the content of the clerk's minutes and the concurrent lack of independent opportunity to evaluate their worth as a sufficient record upon which to review plaintiff's claims, the circuit court concluded that the case required and plaintiff was entitled to have a verbatim transcript. It is true that the lack of any detail as to what would have been contained in a record from the clerk's minutes is attributable to plaintiff's failure to request that the record be furnished. In plaintiff's view of the case, however, such record would not have been adequate and the verbatim transcript being unavailable, plaintiff cannot at this point in the case be denied relief because of failure to produce an inadequate record for the purpose of confirming its inadequacy. The facts presented to the circuit court were sufficient to persuade that court of the necessity for a verbatim record and such decision has not been shown here to have been unfounded.

Where the absence of a record made before the administrative body prevents meaningful judicial review, the circuit court has the authority to remand the case for rehearing of the evidence and its preservation for review. *State ex rel. State Highway Commission v. Weinstein*, 322 S.W.2d 778 (Mo. banc 1959); *In re Village of Lone*

*Jack*, 419 S.W.2d 87 (Mo. banc 1967). The order of the circuit court in this case was in accordance with these decisions and was, in fact, the only appropriate remedy to provide plaintiff the judicial review sought.

The judgment is affirmed.

All concur.