Chyna L. JONES, Plaintiff-Appellant,

v.

FIRST UNION BANCORPORATION, Union Finance Company, Defendants-Respondents.

No. WD33106.

Missouri Court of Appeals, Western District.

Feb. 1, 1983.

Larry M. Brummet, Jay T. Grodsky, Kansas City, for plaintiff-appellant.

Howard E. Bodney, Cindy A. Brunker, Kansas City, for defendants-respondents.

Before MANFORD, P.J., and WASSERSTROM and KENNEDY, JJ.

WASSERSTROM, Judge.

Plaintiff seeks compensatory and punitive damages for the alleged conversion of her automobile by defendants' alleged wrongful repossession. The trial court directed a verdict at the close of the evidence for defendant First Union Bancorporation ("First Union"). The case was then submitted to a jury against defendant Union Finance Company ("Union Finance"), and the jury found in favor of Union Finance. Plaintiff appeals. We affirm.

On December 11, 1975, plaintiff bought an automobile from Pete Franklin A.M.C. Jeep, Inc. ("Pete Franklin").[1] In connection with that purchase, plaintiff entered into a retail sale installment contract and security agreement. As part of that transaction, plaintiff purchased accident and health insurance, and a charge of $72.58

was shown on the contract as being included in the total purchase price. Within a short time after completion of this purchase, the installment contract was sold and assigned by Pete Franklin to Union Finance.

About July 1, 1977, plaintiff became ill and was incapacitated for a period of six weeks. At her request, Pete Franklin furnished forms upon which to make claim for insurance benefits, those being the forms of ITT Insurance Company. Plaintiff had those ITT forms completed by her doctor and delivered the forms to Union Finance who in turn forwarded the claim forms to ITT. The claims were refused by ITT on the ground that it had no coverage for plaintiff.

Further inquiry of Pete Franklin disclosed that the latter had made a mistake and that the insurance coverage was with Lincoln Liberty Insurance Company, Omaha. Claim forms for Lincoln Liberty were then delivered to plaintiff, but she never completed the forms for presentation and processing. Her testimony was that her doctor would not complete the forms without her being present and that she could not afford to take off time from work for this purpose.

By this time, plaintiff had made all but the final two payments on the installment contract. She believed that the health and accident insurance should take care of all of those two payments, except for $50. She made payment of that $50 to Union Finance and disclaimed any liability for the balance. When Union Finance continued to make demand for the balance unpaid, plaintiff offered to pay that balance if Union Finance would refund the $72 premium which had been paid by her.

Union Finance declined that offer, and the parties reached an impasse. Union Finance thereupon caused the automobile to be repossessed. After that, plaintiff did pay Union Finance $338.80 and obtained the car. This lawsuit followed.

---

1. Pete Franklin was originally named as a defendant but was dismissed from this case because of its bankruptcy.

Union Finance and First Union argue that this appeal should be dismissed because of failure of plaintiff's brief as appellant to comply with the requirements of Rule 84.04. Plaintiff's brief in this court is defective, but we have concluded nevertheless to review her points as a matter of grace.

Plaintiff's points on appeal may be summarized as follows: (1) the trial court erred in overruling plaintiff's motion for default judgment against First Union, because First Union failed to file a timely answer; (2) the court erred in permitting First Union to file an answer out of time; (3) the court erred in directing a verdict at the close of the evidence for First Union; (4) plaintiff's fourth point was withdrawn at the time of oral argument and therefore need not be considered; (5) the court erred in sustaining objections to plaintiff's jury arguments concerning its right of set off; (6) the court erred in excluding plaintiff's testimony concerning a statement made to her by a salesman for Pete Franklin at the time of the purchase; (7) the court erred in giving defendant's converse instruction; and (8) the court erred in overruling plaintiff's motion for summary judgment.

■ Points 1 and 2 may be considered together. Neither has merit. The trial court acted within its discretion under Rule 44.01(b) to allow First Union to file a late answer and to proceed with its defense. See *Crystal Tire Company v. Home Service Oil Company,* 465 S.W.2d 531, 533 (Mo. 1971); *Bloom v. City of Independence,* 591 S.W.2d 104 (Mo.App.1979).

■ No fault can be found with the direction of a verdict in favor of First Union. A review of the evidence shows no adequate basis upon which the separate corporate entities of First Union and its wholly owned subsidiary Union Finance should be disregarded. In any event, the dismissal of First Union could not have prejudiced plaintiff; any liability on the part of First Union would be purely derivative and (as will be shown) there was no liability by Union Finance and therefore there could be none on the part of First Union.

■ Plaintiff's points 3, 5, 6, 7 and 8 can be considered together. All of those points assume that plaintiff had at least made a submissible case. That premise is fallacious.

In order for plaintiff to have a right of action for conversion, it was incumbent upon her to show that Union Finance had no right to repossess the automobile. In order to show such lack of right, plaintiff insists that she had paid either directly or constructively the entire balance of her indebtedness. The only way in which she could have made full payment would be if she can claim credit for the health and accident insurance benefits as a credit against the indebtedness.

Plaintiff's basis for claiming such credit is quite hazy. Her first position was set out in her petition as follows: "That Plaintiff refused to pay said two (2) payments on assurance from PETE FRANKLIN that said forms had been properly submitted to Defendant, UNION FINANCE COMPANY, and that because Defendant, UNION FINANCE COMPANY, had accepted said forms for submission to the proper insurance company, but that Defendant, UNION FINANCE COMPANY, denied having received said forms . . . ." That allegation is not borne out by the evidence. The evidence is quite clear that plaintiff completed and submitted to Union Finance a set of forms for transmission to ITT, which Union Finance did. When it turned out that Pete Franklin had designated the wrong insurance company, Union Finance assisted plaintiff in obtaining the correct forms for submission to Lincoln Liberty, but plaintiff neglected and failed to get those latter forms completed for submission.

Plaintiff also intimates in her petition that Pete Franklin and Union Finance had an obligation to obtain insurance from some insurance company on her behalf but that they failed to do so. This theory also is contrary to the evidence. A Union Finance record, introduced into evidence without objection, shows that Pete Franklin had purchased insurance through Lincoln Liberty Insurance Company, Omaha. There is no evidence by the plaintiff to the contrary.

The evidence offered by plaintiff with respect to what was told her at the time of the purchase by the Pete Franklin salesman is immaterial and cannot change the situation. Plaintiff tried to testify that the salesman told her that in the event she became disabled, her payments on the note and loan would be made for her by the insurance. Any such statement by the salesman would not have varied or added anything to the conceded fact that plaintiff paid for health and accident insurance. It must be assumed that if she had completed the insurance forms and submitted them to Lincoln Liberty, the insurance benefits would have been paid just as the Pete Franklin salesman said would have occurred.

On this appeal, plaintiff argues still a different approach. She now contends in her brief here that the insurance policy "is embodied in the security agreement." The only thing shown in this regard by the security agreement is that plaintiff elected to buy health and accident insurance and a premium for such insurance was charged to her. Those portions of the security agreement simply cannot be construed as any form of an insurance policy.

The burden of proving a submissible case was upon plaintiff. Her failure to do so requires judgment against her. *New Style Homes, Inc. v. Fletcher,* 606 S.W.2d 510 (Mo.App.1980); *Bryant v. Bryant,* 590 S.W.2d 352 (Mo.App.1979). By allowing her to submit her case to the jury, the trial court granted her a greater right than that to which she was entitled. The judgment is for the right parties and must be affirmed.

All concur.