Arthur KAISER, et al., Appellants,

v.

Louise PEARL, et al., Respondents.

No. 46352.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 17, 1984.

David L. Campbell, Stuart J. Radloff, Paul L. Matecki, Campbell & Radloff, St. Louis, for appellants.

Stanley E. Goldstein, Goldstein & Geigerman, Clayton, for respondents.

DOWD, Chief Judge.

Plaintiffs [1] brought this action contesting a purported will of Jennie Hirshberg's dated August 10, 1979, in favor of a will dated February 21, 1973, on the ground the second will was executed as a result of undue influence. The trial court declared the contested will valid, finding that the decedent had testamentary capacity at the time she signed the will and that it was not executed due to undue influence.

On Appeal, plaintiffs contend (1) the trial court erred in ruling that they failed to sustain their burden of undue influence, (2) that the court erred in adopting defendants' proposed findings of fact and conclusions of law, (3) that the court erred in failing to grant their motion for a default judgment or in the alternative deem plaintiffs' pleadings admitted, (4) that the court erred in not allowing them to read into evidence the deposition of a party defendant, and (5) that the court erred in admitting the testimony of a defendant who is a legatee under the first will. We affirm.

The record shows that the testatrix Jennie Hirshberg died on February 21, 1980, and that at the time of her death, she was a widow with no children. Defendant Louise Pearl is the decedent's niece and was named sole beneficiary under the second will. Defendant Sidney Rubin is the current executor of the estate, and prepared and witnessed the contested will. Finally, defendant David Moulton is Louise Pearl's brother who had served as financial advisor to the decedent and was executor under the first will which purported to divide the estate equally among the nieces and nephews. Defendant Rubin is an attorney and a long time friend of Louise Pearl's and an acquaintance of the decedent's.[2] In June of 1979, the testatrix told Rubin she intended to change her will and that either she or Louise would contact him with the details in the near future. Louise then called Rubin and informed him the testatrix wished to change her will and leave everything to Louise. Larry Pearl, Louise's son, was to be named successor beneficiary. Louise also testified the testatrix was sitting next to her when she made the call and that she confirmed the instructions. Rubin could not recall speaking to the testatrix at that time.

Charlotte Urbach was the testatrix's hairdresser for ten years and testified that the decedent was never forgetful and always seemed in full possession of her mental faculties. She further testified that on August 10, 1979, the testatrix told her she was going to her lawyer to sign a new will and that she was leaving everything to Louise because Louise was the only one who did things for her. That same evening, the decedent executed the subject will with Rubin and his wife, Rosalie, serving as witnesses. Mrs. Rubin testified the testatrix informed her of the contents of the document she was executing and that she. stated "I have plenty of other people I could leave my money to, but I want this girl (Louise) to have everything because she is the only one who ever does anything for me." The record also reveals that while the decedent suffered from cancer for twenty years, she was able to live alone, change her own dressings, and generally care for herself. The evidence also revealed that Louise helped the decedent with her shopping and banking and would occasionally drive her to doctors appointments. Any evidence of frequent contact with the decedent's other relatives during the last years of her life is sparse.

Plaintiffs cite several incidents illustrating the testatrix's confused state. Specifi-

---

1. Plaintiffs are nieces, nephews, and sister of the testatrix.

2. Defendants, Allan Bennett Kaiser, Larry Robert Kaiser, Janet Elise Kaiser, Ida Moulton, and Louise Greenberg were legatees under the first will.

cally, she could not remember her nephew's burial services, she became disoriented when a grocery store clerk would not cash her checks without someone vouching for her and in one instance, she did not recognize someone she had known for twenty-five years. The decedent's doctor, however, did testify that it is not uncommon for someone the decedent's age to be lucid at times and confused at other times.

The decedent and Louise shared a joint checking and savings account and were co-holders of a certificate of deposit. Louise's name, however, was not added to these accounts until several months after the execution of the second will. There was also some testimony that some of the testatrix's checks payable to the order of Louise Pearl represented loans. These were in fact paid back or intended to be paid by Louise. Based on these facts, plaintiffs claim the second will is invalid and should be set aside in favor of the first will.

■■■ The standard for appellate review in court-tried cases under Rule 73.01 V.A. M.R. obliges us to affirm the judgment unless there is no evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). In addition, Rule 73.01 V.A. M.R. admonishes that "due regard shall be given to the opportunity of the trial court to have judged the credibility of the witnesses." Accordingly, the trial court, when sitting as the trier of fact, has leave to believe all, part, or none of any witness's testimony. *Long v. Lincoln*, 528 S.W.2d 512, 513 (Mo.App.1975). Proponents of a will have the burden to establish as a part of their prima facie case that at the time of the execution of the will, decedent was of sound and disposing mind and memory. *Maurath v. Sickles*, 586 S.W.2d 723, 726 (Mo.App.1979). Defendants' evidence was sufficient to do so. They presented lay and medical testimony including that from apparently disinterested witnesses that decedent was of sound mind and competent to make a will at the time the subject will was

executed. Plaintiffs, in turn, offered lay and medical testimony that decedent was not competent at that time. The trial court chose to believe defendants' evidence. Again, where there is conflicting testimony we give deference to the trial court's conclusions. *Lytle v. Page*, 591 S.W.2d 421, 423 (Mo.App.1979).

■■■ The burden of proving undue influence rests upon plaintiffs. *Maurath v. Sickles*, 586 S.W.2d at 730. Motive and opportunity alone are not enough to establish undue influence. *Sweeney v. Eaton*, 486 S.W.2d 453, 456 (Mo.1972). However, a presumption of undue influence does arise if: (1) a confidential or fiduciary relationship existed between the decedent and a beneficiary, (2) the beneficiary has been given a substantial benefit by the will, and (3) the beneficiary caused or assisted in causing the execution of the will. Plaintiffs claim they have the benefit of such presumption and that the court erred in imposing a rigid formula for proving undue influence. We disagree. First, it is seldom that a case can be found that is "on all fours" with the one at bar and as such each case must be decided on its individual facts and circumstances. See *Matthews v. Turner*, 581 S.W.2d 466 (Mo.App.1979). The court imposed a test consisting of several factors in order to determine the existence of any undue influence. Specifically, the factors are, whether there was (1) an unnatural disposition, (2) an onset of solicitude of the testatrix by the proponent, (3) a change in predetermined testamentary intent, (4) unusual circumstances surrounding the execution of the will, (5) hostile feelings of the beneficiary toward the expected recipients, (6) remarks of the beneficiary to the testatrix derogatory of contestants, (7) the source of the testatrix's property being such as to make the disposition to the beneficiary unlikely, and (8) recitals of the will itself indicates undue influence.

■■■ First, a circumstantial case of undue influence is not made by the establishment of any one factor and the trial court was within its discretion in choosing the aforementioned factors as its formula and

finding no substantial evidence to support plaintiff's claims. Most notable is the fact that no unnatural disposition was made. An unjust or unjudicious will alone is not sufficient to raise an inference of undue influence, particularly in a case such as the one at bar where the decedent, over the years had minimal contact with the plaintiffs and there is no evidence the defendant Louise Pearl kept them from visiting the decedent. See *Mangan v. Mangan*, 554 S.W.2d 418, 421 (Mo.App.1977). Another factor is an onset of solicitude of the testatrix by the beneficiary. Defendant, Louise Pearl, and the decedent became close eight years before the decedent's death, which was one year before the first will was executed and seven years before the execution of the second. Clearly, the relationship was established long before the short time period which would support an inference of undue influence. Moreover, the law does not ban as undue the natural influence of affection or attachment or the desire to gratify the wishes of one beloved or trusted by the testatrix. *Id.*

▮ Finally, plaintiffs contend that unusual circumstances existed at the time the will was executed which would substantiate the notion the decedent did not have the mental capacity to execute the will. To support this inference, the influence must have been so overpowering so as to destroy the free agency of the testatrix that she expressed the will of another instead of her own. *Maurath v. Sickles*, 586 S.W.2d at 726. The court found no evidence to support this conclusion. The circumstances cited by plaintiffs, while slightly out of the ordinary, were little more than Louise's call to the attorney, her presence when the will was drawn up and her continued assistance afterwards.

▮ Finally, utilizing plaintiffs' test, we find they did not adequately establish a confidential or fiduciary relationship between the decedent and the defendant Louise. There is no evidence that defendant Louise Pearl took an active part in any of the decedent's business affairs. See *Sweeney v. Eaton*, 486 S.W.2d at 455. She

did prepare checks for the decedent and shortly before her death added her name to the checking and savings accounts, as well as to a certificate of deposit. Considering the decedent's debilitating health, these actions were not unwarranted and certainly are not enough to establish a confidential relationship. Furthermore, even if plaintiffs had succeeded in establishing such a relationship, there was substantial evidence indicating that no undue influence existed and the trial judge could have so found. This presumption simply presents an issue for the trier of fact and there was substantial evidence that the decedent was not under any undue influence when she executed her will. Giving deference to the trial court's ability to view the witnesses, we cannot say with a firm belief that the finding was wrong, and plaintiffs' first point is denied.

▮ In their second point, plaintiffs complain the trial court erred in adopting defendants' proposed findings of fact and conclusions of law. We find this point to be without merit. Plaintiffs cite no authority to support their claim that the trial court must edit or modify a party's proposed findings. Rule 73.01(a)(2) V.A.M.R. simply requires the court to enter its findings on controverted facts when requested by one of the parties. Here, the court acted within its discretion in adopting in their entirety the defendants' proposed findings. Absent any inconsistencies between the findings of fact and conclusions of law and the actual facts of the case we find no error.

▮ Plaintiffs next argue the trial court erred in not granting their motion for a default judgment. We disagree. Rule 74.045 V.A.M.R. does state that if a defendant fails to file an answer or other pleading within the time prescribed by law, an interlocutory judgment shall be given by default. While the filing of an answer is mandatory, plaintiffs can entirely waive the requirement unless they request enforcement by timely and proper action. *Cooper v. Anschutz Uranium Corp.*, 625 S.W.2d 165, 171 (Mo.App.1981); *Great*

*Western Trading v. Mercantile*, 661 S.W.2d 40, 44 (Mo.App.1983). Here, plaintiffs waited until the trial date to make their motion.[3] By proceeding with discovery and submitting exhibits, we believe plaintiffs did not request enforcement of Rule 74.045 by timely and proper action.

■ In the alternative, plaintiffs requested that their pleadings be deemed admitted by defendant for failing to file responsive pleadings as required by Rule 55.-09 V.A.M.R. This rule is also generally construed to require a timely request or the requirement is waived. Plaintiffs did in fact make their request before the case proceeded on the merits. However, until that point, the cause had continued as if an answer had been filed and plaintiffs cannot claim the absence of a formal pleading precluded them from addressing the pertinent issues where the resolution of the question of undue influence rested on the pleadings of the other defendants. See *Bailey v. Bailey*, 317 S.W.2d 630, 632 (Mo. App.1958).

■ Finally, it is within the trial court's discretion to allow defendant to file an answer out of time. *Crystal City Tire Co. v. Home Service Oil Co.*, 465 S.W.2d 531 (Mo.1971). While there is no evidence of excusable neglect on defendant's part, we cannot see how plaintiffs were prejudiced. Their continuation of pretrial activities illustrates the fact that they did not rely on defendant's failure to answer. Point denied.

■ In their fourth point, plaintiffs claim the trial court erred in refusing to allow them to read into evidence certain portions of defendant Sidney Rubin's deposition. At trial, but before calling Rubin to the stand, plaintiffs attempted to read portions of his deposition into evidence. Defendants objected on the grounds that the statements were not admissions against interest. Rule 57.02(a)(2) V.A.M.R. permits the deposition of one party to be used by an adverse party for any purpose. However, this has been interpreted to mean "admissions against interest." For testimony or a statement by a party to be competent as an admission against interest, it is not required that it be direct admission of the ultimate fact in issue, but it may be competent if it bears on an issue incidentally or circumstantially. *Mitchell Engineering Co. v. Summit Realty Co.*, 647 S.W.2d 130, 140–41 (Mo.App.1982); *Teachenor v. DePriest*, 600 S.W.2d 122, 125 (Mo.App. 1980). The statements read by plaintiffs' attorney, however, concerned defendant Rubin's name, address, occupation, length of time he knew the defendant Louise and whether he represented her on other legal matters subsequent to the testatrix's death. If these statements were in fact admissions against interest, they would have been admissible despite the defendant's availability to testify. *Dubail v. Green Trails Plaza, Inc.*, 587 S.W.2d 934 (Mo.App.1979). However, Rubin was available to testify and the statements in question were not even remotely inconsistent with any asserted claims so as to amount to proof against him. Accordingly, the trial court did not err in refusing to allow plaintiffs to read defendant's deposition into evidence.

■ Finally, plaintiffs' contend the trial court erred in admitting the deposition testimony of defendant David Moulton because such testimony was offered as admissions against plaintiffs and as a legatee, under the first will, his extrajudicial statements are not admissible in a will contest suit to the prejudice of other beneficiaries under the first will.

This point is without merit. We note that the testatrix executed two wills, the second of which is the disputed document. It is also clear that Louise Pearl is the sole beneficiary in that will. The purpose for not admitting extra-judicial statements of one where there are multiple beneficiaries is so their rights will not be adversely affected. However, where there is only one legatee that would be affected, as is the case here, this rule does not apply.

**3.** The record indicates defendant Louise Pearl filed a late answer with leave of court.

*Look v. French,* 346 Mo. 972, 144 S.W.2d 128, 131 (1940); *Schierbaum v. Schemme,* 157 Mo. 1, 57 S.W. 526, 534 (1900). Point denied.

The judgment is affirmed.

SNYDER, P.J., and FLOYD McBRIDE, Special Judge, concur.