**LEO'S ENTERPRISES, INC., d/b/a Johnson County Livestock Market, Appellant,**

**v.**

**Harold HOLLRAH, Respondent.**

**No. WD 43409.**

Missouri Court of Appeals, Western District.

March 26, 1991.

Thomas J. Fritzlen, Kansas City, for appellant.

L. Clay Barton, Oak Grove, for respondent.

Before TURNAGE, J., LOWENSTEIN and BRECKENRIDGE, JJ.

LOWENSTEIN, Judge.

Plaintiff-appellant Leo's Enterprises, Inc., d/b/a Johnson County Livestock Market ("JCLM") appeals the trial court's judgment in favor of defendant-respondent Harold Hollrah in JCLM's cause of action for an unpaid debt for the purchase of cattle.

At trial, JCLM alleged that Hollrah owed money for cattle purchases made in 1982 on January 2, March 27, May 8, May 22, July 17 and August 21. JCLM's bookkeeper and general manager, Todd Ratty, was JCLM's only witness. Ratty was not employed by JCLM at the time the disputed purchases were made, but he was allowed to testify as custodian of JCLM's business records.

Ratty explained procedures used to record sales transactions. First, when a seller brings his livestock to JCLM, the number and description of livestock are recorded on a check-in sheet, which bears the seller's name. During a sale, JCLM prepares a weight ticket, which contains the seller's name and selling number. When the sale is completed, the buyer's name and purchase price are added to the weight ticket.

JCLM then prepares a buyer's bill and a seller's bill from the weight ticket. The buyer's bill shows the date of sale, name or number of buyer, pen number, tag number, description of livestock, weight, price and amount of sale. The seller's bill contains the same information.

JCLM often designated buyers by assigning them numbers. People who bought frequently or regularly over a long period of time often preferred to have a number or sequence of numbers assigned to them. On the buyer's bill the space marked "sold to: _____," would often be filled by a buyer's number rather than his name.

JCLM contends that Hollrah bought the cattle, but never paid. Hollrah was not present at any of the purchases, but JCLM argues that Mike Morgan, the actual buyer, was Hollrah's agent. JCLM's evidence of agency is that the buyer numbers reflected on the buyer's bills were really assigned to Hollrah. Mr. Morgan testified he was acting independently in his capacity as a livestock dealer when he purchased the cattle. Morgan also testified that the buyer numbers were his, not Hollrah's, and that they merely reflected to whom he intended to resell the cattle. He further testified that he had been paid by Hollrah for the disputed cattle purchases. Canceled checks from Hollrah to Morgan were admitted into evidence.

JCLM's first point on appeal is that the trial court erred admitting the canceled checks from Hollrah to Morgan over JCLM's objection, since the defendant's failure to raise payment as an affirmative defense had resulted in a waiver of that defense.

■■■ The standard of review in a court-tried case is that the trial court's action will be affirmed "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Rule 55.08 requires payment to be plead as an affirmative defense. Failure to pled an affirmative defense constitutes a waiver of the defense. *Detling v. Edelbrock,* 671 S.W.2d 265, 271 (Mo. banc 1984).

■■ JCLM pled that "plaintiff sold livestock to defendant, at defendant's own special insistence and request; and that defendant is presently indebted to plaintiff for such livestock ..." If Hollrah's defense was that he had paid JCLM, he would have had to plead payment as an affirmative defense. But Hollrah's defense was that he did not buy from JCLM, but from Morgan, an independent livestock dealer who bought cattle for resale from JCLM. Under these circumstances, Hollrah did not have to plead payment as an affirmative defense. *See, Parker v. Pine,* 617 S.W.2d 536, 542 (Mo.App.1981). (Any evidence that tends to show plaintiff's cause never had legal existence is admissible on a general denial even though facts are affirmative as long as they are adduced only to negate the plaintiff's cause of action and not to show confession or avoidance.) The

trial court cannot be said to have abused its discretion in admitting evidence of Hollrah's payments to Morgan. JCLM's first point on appeal is denied.

 JCLM's second point is that the trial court erred in granting judgment for defendant because such a finding is either against the weight of the evidence or erroneously applies the law to the facts where the plaintiff proved Hollrah bought the cattle through his agent Morgan. The judgment implies the trial court chose to believe Hollrah's evidence that Morgan was not his agent. Morgan testified he was an independent livestock dealer and not an agent of Hollrah. It was within the trial court's discretion to believe Hollrah's evidence that Morgan was not his agent. A trial court is free to judge a witness' credibility and to assign weight to his testimony. *Herbert v. Harl,* 757 S.W.2d 585, 587 (Mo. banc 1988). A trial court may believe none, part, or all of a witness' testimony. *Id.* Furthermore, this court cannot set aside a judgment in a court-tried case unless the record generates a firm belief that the judgment is wrong. *Westrich v. Westrich,* 694 S.W.2d 873, 879 (Mo.App.1985). The record fails to convince this court that the trial court's judgment was wrong. Morgan's testimony that he was not Hollrah's agent constituted substantial evidence to support the judgment. JCLM's second point on appeal is denied.

Judgment affirmed.