MANOR SQUARE, INC., Respondent,

v.

HEARTTHROB OF KANSAS CITY, INC., et al., Appellants.

No. WD 46184.

Missouri Court of Appeals, Western District.

May 18, 1993.

Laurence R. Tucker, Watson, Ess, Marshall & Enggas, Kansas City, for appellants.

Gregory S. Gerstner, Seigfreid, Bingham, Levy, Selzer & Gee, Kansas City, for respondent.

Before BRECKENRIDGE, P.J., and SHANGLER and SPINDEN, JJ.

BRECKENRIDGE, Judge.

Heartthrob of Kansas City, Inc. and Larry S. Spatz appeal from the trial court's April 21, 1992 order granting Manor Square, Inc. summary judgment. Appellants raise four points on appeal claiming that the trial court erred in: 1) granting summary judgment in its April 21, 1992 order because a genuine issue of material fact existed; 2) granting summary judgment in its April 21, 1992 order because amendments to the underlying lease obtained without the guarantor's consent released him from his obligation; 3) refusing to grant appellants leave to file an answer out of time; and 4) granting Manor Square summary judgment on appellants' counterclaim in its September 9, 1991 order. The judgment is affirmed.

Heartthrob leased space in the Westport area of Kansas City, Missouri, from Manor Square for the operation of a nightclub. Larry Spatz, President of Heartthrob, was the guarantor on the lease entered into between Manor Square and Heartthrob. In November of 1989, Manor Square brought suit against Heartthrob and Spatz in the associate circuit division of the circuit court for possession of the premises occupied by Heartthrob and for the balance due under the lease. The trial court, upon the consent of Heartthrob, awarded Manor Square possession of the premises as of December 31, 1989. Heartthrob vacated the premises on or about December 31, 1989.

Trial on Manor Square's damage claims was set for January 3, 1990 and then continued to March 5, 1990. On March 5, 1990, appellants requested leave to file a counterclaim out of time. Appellants' counterclaim exceeded the jurisdictional monetary limit of the associate circuit division and the case was certified to the presiding judge for assignment. The case was then assigned as a circuit judge case "with further proceedings to be in accordance with the practice and procedure applicable before circuit judges, there being no right of trial de novo."

Due to appellants' failure to comply with discovery requests, Manor Square filed a motion to enforce discovery on August 31, 1990. A hearing on the motion was held on September 26, 1990 and an order entered compelling discovery. The case was set for trial on March 28, 1991. Appellants failed to comply with the court's order compelling discovery and Manor Square filed a motion for sanctions on December 11, 1990. On January 8, 1991, the court granted the motion and again ordered appellants to comply. Appellants did not comply and Manor Square filed a renewed motion for sanctions on February 20, 1991 after which appellants complied. The trial court entered an order imposing sanctions and set the case for trial on June 27, 1991. The

case was continued for trial to September 12, 1991.

On August 23, 1991, Manor Square filed a motion for summary judgment on appellants' counterclaim. Appellants did not file a response and the summary judgment in favor of Manor Square was granted on the counterclaim on September 9, 1991.

A few days before the September 12, 1991 trial setting, appellants filed a request for a jury trial on Manor Square's remaining claims. The case was transferred to a different judge for a jury trial and set for trial on November 12, 1991. On October 16, 1991, appellants applied for and were granted a change of judge. The case was again reassigned.

Manor Square filed on October 22, 1991, a motion for partial summary judgment on its claim for back rent and other charges. Appellants filed suggestions in opposition of the motion and a hearing was held on November 15, 1991. On November 19, 1991, prior to the court's decision on Manor Square's motion for partial summary judgment, new counsel for appellants filed a motion seeking leave to file an answer out of time. Manor Square objected to appellants' motion. On February 5, 1992, the trial court granted Manor Square's motion for partial summary judgment and denied appellants' motion for leave to file an answer out of time. A hearing was held on March 12, 1992 to determine Manor Square's damages after which Manor Square was awarded $207,112.42. Manor Square dismissed all its remaining claims without prejudice and Heartthrob and Spatz filed this appeal.

The record is reviewed in the light most favorable to the non-moving party and that party is granted all reasonable inferences which may be drawn from the evidence. *Maryland Cas. Co. v. Martinez,* 812 S.W.2d 876, 879 (Mo.App.1991). The reviewing court must determine that the movant has a right to judgment as a matter of law and that no genuine dispute of material fact exists. *Roberts Fertilizer,*

*Inc. v. Steinmeier,* 748 S.W.2d 883, 886 (Mo.App.1988). The moving party bears the burden of proving that it is entitled to judgment as a matter of law and that a genuine issue of material fact does not exist. *Martinez,* 812 S.W.2d at 879. The moving party, however, is not required to prove by unassailable proof that it was entitled to summary judgment. *Herron v. Whiteside,* 782 S.W.2d 414, 416 (Mo.App. 1989).

Appellants raise four points on appeal. Point I claims the trial court erred in ordering summary judgment because a factual dispute exists as to whether the guarantor, Spatz, consented to amending the underlying lease. In Point II, appellants argue the trial court erred because the amendments to the underlying lease were made without Spatz's consent and, therefore, released Spatz from his guaranty obligation. In response to Points I and II, Manor Square raises a procedural point. Manor Square argues that appellants' Points I and II raise the affirmative defense that Spatz was released from the guaranty agreement by modifications to the lease. Manor Square asserts that appellants cannot raise an affirmative defense on appeal because they waived all affirmative defenses by failing to file an answer. The court will first consider Manor Square's contention that Spatz was required to plead affirmative defenses in writing, and that his failure to do so waived any affirmative defenses.

Manor Square's petition for rent and possession was originally filed before an associate circuit judge pursuant to § 517.011.-1(3), RSMo Cum.Supp.1992.[1] The rules of civil procedure apply to civil actions originating before an associate circuit judge under Chapter 517, except where otherwise provided by law. Rule 41.01(f); § 517.021. "Rule 41.01(f) expresses a judicial deference to the legislative enactments establishing specialized procedures for actions before associate circuit divisions." *Exchange Nat. Bank v. Wolken,* 819 S.W.2d

**1.** All statutory citations are to Revised Missouri Statutes Cumulative Supplement 1992, unless otherwise indicated.

45, 48 (Mo. banc 1991). There is no conflict between the rules and the statutes. *Id.* The pleading requirements of Rule 55 apply to this action "except where otherwise provided by law." Chapter 517 includes a specific pleading requirement for affirmative defenses in § 517.031.2, which states that "[a]ffirmative defenses, counterclaims and cross claims shall be filed in writing not later than the return date and time of the summons unless leave to file the same at a later date is granted by the court. No other responsive pleading need be filed." Under the clear language of § 517.031.2, appellants were required to plead any affirmative defenses within the time allowed while the case was pending in the associate division.[2] They did not do so. Nor did they request leave to file affirmative defenses out of time while the matter was pending in the associate division.

■ Thereafter, when appellants filed a counterclaim in an amount which exceeded the jurisdictional limits of cases triable under Chapter 517, the case was certified under § 478.240 to proceed in accordance with the practice and procedures applicable before circuit judges. The case was then reassigned to be heard by an associate circuit judge sitting as a circuit judge. The effect of certification pursuant to § 517.081, when the amount in controversy exceeds the jurisdictional limit, is that the case becomes a circuit division case for the balance of the proceedings and does not retain its character as a case which originated before an associate circuit judge. After the associate circuit division loses

jurisdiction to act, it is not logical to employ the practices and procedures of Chapter 517 because they are applicable to cases where the expedited procedures of the associate circuit division are beneficial due to the nature of the case or the fact that the amount in dispute is less than $15,000.[3]

■ On August 24, 1990, when Manor Square filed its Second Amended Petition, the case was pending in the circuit division and was governed by Rules 41 through 101, including the pleading requirements of Rule 55. Rule 41.01(a)(2). Spatz was required to file his affirmative defenses in an answer to the amended petition. Rule 55.09. By his failure to file an answer pleading the affirmative defense of release in response to the amended petition, Spatz waived his right to assert such affirmative defense. *Detling v. Edelbrock*, 671 S.W.2d 265, 271 (Mo. banc 1984); *Leo's Enterprises, Inc. v. Hollrah*, 805 S.W.2d 739, 740 (Mo.App.1991).

■ If appellants had been granted leave to file an answer out of time, Spatz would have pleaded the affirmative defense of release. Appellants argue in Point III that the trial court abused its discretion by denying appellants' request to file an answer out of time because Manor Square would not have been prejudiced if the court had allowed it to do so. On appeal the trial court will only be found to have abused its discretion if its ruling is clearly against the logic of the circumstances before the court. *State ex rel. Webster v. Lehndorff, Geneva*, 744 S.W.2d 801, 804 (Mo. banc 1988).

---

2. *Wolken*, 819 S.W.2d 45, holds that it is not necessary to file a reply to assert an affirmative avoidance in response to an affirmative defense filed under § 517.031.2. By inference, *Wolken* acknowledges that such statute requires the filing of affirmative defenses in actions in the associate circuit division.

3. Rule 41.01(b) provides that Rule 55 does not apply to civil actions originating before an associate circuit judge or in the probate division, but which are pending in the Supreme Court, Court of Appeals or before a circuit judge, unless there is a court order specifically making Rule 55 or portions of it applicable. Rule 55.08 contains a provision requiring that responsive pleadings set forth all affirmative defenses. Rule 41.01(b) is not to be applied to cases originating before

an associate circuit judge which are still pending before an associate circuit judge, but only when the cases are thereafter pending in the Supreme Court, Court of Appeals or before a circuit judge, other than a circuit judge in the probate division. *Rahman v. Matador Villa Associates*, 821 S.W.2d 102, 103 (Mo. banc 1991). Although Rule 41.01(b) would appear to be applicable because this case originated before an associate circuit judge, Rule 41.01(b) does not govern this case. After certification under § 517.081(1), the case loses its character as a Chapter 517 case and the practices and procedures applicable to civil cases filed before a circuit judge, other than a circuit judge in the probate division, are applicable.

The trial court's ruling must be so arbitrary and unreasonable as to shock the sense of justice and indicate that the court did not carefully consider the matter. *Id.*

 It is within the trial court's discretion to grant or deny a request to file an answer out of time. *Crystal Tire Co. v. Home Service Oil Co.*, 465 S.W.2d 531, 533 (Mo.1971); *Kaiser v. Pearl*, 670 S.W.2d 915, 920 (Mo.App.1984); *Bloom v. City of Independence*, 591 S.W.2d 104, 106 (Mo. App.1979). Rule 44.01(b) allows the trial court to grant relief from time limits in certain situations if the party's failure to act is the result of excusable neglect. *Bloom*, 591 S.W.2d at 106.

The trial court did not abuse its discretion in the instant case. Appellants sought to file an answer nearly fifteen months after the time for doing so had expired. Appellants did not present proof of excusable neglect in their suggestions in support of their motion for leave to file answer out of time. Although appellants' suggestions set forth the arguments they intended to make in their answer, appellants' only proof of excusable neglect is a statement in the motion explaining that, according to § 517.031, they were not required to file a responsive pleading. Although he would otherwise not be required to file a responsive pleading under the practices and procedures of Chapter 517, Spatz was required to file in writing his affirmative defenses. Appellants' explanation does not constitute proof of excusable neglect.

Appellants rely on *Kaiser*, 670 S.W.2d 915, in arguing that the trial court abused its discretion by denying appellants' request to file an answer out of time. Appellants contend that *Kaiser* requires the court to grant their request, regardless of whether excusable neglect was shown, if the other party would not be prejudiced. This court is not required to decide if *Kaiser* is precedent requiring that the court grant permission to file an answer out of time, without a showing of excusable. neglect, when no prejudice would result. Manor Square demonstrated that it would have been prejudiced if appellants had been allowed to file an answer out of time.

Throughout the course of the two years the litigation was pending in the trial court, appellants employed a number of procedural devices which delayed trial, such as requests for continuances, a jury trial and a change of judge. Appellants' claim that the request for leave to file an answer out of time came before a trial date had been set and while discovery was still proceeding is refuted by the record. The case had been set for trial at least five times prior to appellants filing their motion. In addition, lengthy discovery had occurred. Appellants' repeated failure to comply with the trial court's orders regarding Manor Square's discovery requests caused Manor Square to seek court action and request sanctions to compel discovery. Manor Square would have been prejudiced by the need to conduct additional discovery as a result of appellants' answer and the likely filing of an affirmative defense by Spatz. Such discovery would result in the trial being further delayed. Considering that Manor Square was required to file motions to compel discovery and to obtain sanctions against appellants, the delay could be considerable.

Appellants obtained the court's permission to file a counterclaim out of time on March 5, 1990 and thereafter filed their counterclaim. Manor Square filed its reply on March 23, 1990 alleging the existence of three amendments which modified the terms of the original lease. Even though the issue of the amendments to the lease was raised in Manor Square's reply, appellants did not request leave to file an answer out of time until November 19, 1991, eighteen months later. The trial court was well within its discretion in denying appellants' request to file an answer out of time. Point III is denied.

 Since Spatz did not plead his affirmative defense of release and the court did not err in denying appellants' request to file an answer out of time, the court will not further address the merits of Points I and II concerning the affirmative defense of release. An appellate court opinion should be limited to questions essential to proper disposition of the appeal. *Commu-*

*nity Title Co. v. Roosevelt Fed. Sav.,* 670 S.W.2d 895, 899 (Mo.App.1984). Points I and II are denied.

In Point IV, appellants argue that the trial court erred in granting Manor Square summary judgment on appellants' counterclaim in its September 9, 1991 order. Appellants allege that Manor Square failed to meet its burden of proof. Appellants' counterclaim alleged that Manor Square breached the lease provisions by failing to provide adequate parking and by leasing space to another nightclub directly in competition with Heartthrob. The counterclaim also alleged fraudulent misrepresentation in that Manor Square represented to appellants, to induce them to enter into the lease and guaranty, that the parking areas would remain open and that Manor Square would not lease any space in the facility to another nightclub substantially similar to Heartthrob.

To be entitled to summary judgment on appellants' counterclaim, Manor Square must first establish a right to judgment as a matter of law. Rule 74.04(c) requires Manor Square to prove that appellants, after a sufficient time period for discovery, have not produced, and will not be able to produce, evidence to establish the allegations of their counterclaim. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371 at 381 (Mo. banc 1993). Summary judgment is appropriate when the facts underlying this right to judgment are not in dispute. *Id.* When a movant has made the prima facie showing required by Rule 74.04(c), the non-movant cannot rest upon mere allegations or denials but must set forth specific facts demonstrating the existence of a genuine dispute as to the facts underlying the movant's right to judgment. *Irwin v. Wal–Mart Stores, Inc.,* 813 S.W.2d 99, 101 (Mo.App.1991). Once Manor Square made its prima facie showing under Rule 74.04(c), it would be appropriate to order summary judgment unless appellants responded with specific facts contradicting the showing of Manor Square. *ITT,* at 381.

In an action for damages, such as appellants' counterclaim, the claimant has the burden of proving a submissible case. *Estate of Zeppenfeld,* 593 S.W.2d 890, 893 (Mo.App.1979). To prove a submissible case, the claimant must establish each element of a cause of action by evidence of probative value or by reasonable inferences drawn therefrom. *Id.* If there is a failure of proof as to any one element of the cause of action, the missing proof breaks the chain of facts which is necessary to assess liability. *Id.* Appellants, as claimants in their counterclaim, sought to recover damages for lost profits. To obtain a damage award for lost profits at trial, appellants must produce evidence that provides an adequate basis for estimating the lost profits with reasonable certainty. *Chmieleski v. City Products Corp.,* 660 S.W.2d 275, 298 (Mo.App.1983). Proof of actual facts which present a basis for a rational estimate of damages without resorting to speculation is required. *Id.*

In support of its motion for summary judgment, Manor Square presented the depositions of appellants' witnesses on the issue of damages. The estimates used by Spatz and Frankel, Heartthrob's manager, were speculative and unsubstantiated. Spatz, in his deposition, testified that he assumed Heartthrob would have received 50% of Londons' business if Manor Square had not leased to Londons. Spatz had not examined any actual sales figures from Londons and did not supply a comparison of the income or expenses of the two clubs.

Appellants did not file suggestions in opposition to Manor Square's motion for summary judgment on appellants' counterclaim. Manor Square's motion for summary judgment was supported by suggestions and exhibits which included deposition testimony, an affidavit and other exhibits. Appellants failed to respond to Manor Square's motion for summary judgment and, as a result, the materials filed in support of Manor Square's motion are deemed to be admitted. *Zafft v. Eli Lilly & Co.,* 676 S.W.2d 241, 243 (Mo. banc 1984); *Kessinger Hunter Management Co. v. Davis,* 782 S.W.2d 426, 430 (Mo.App.1989). The

materials filed in support of Manor Square's motion demonstrated that appellants did not have an evidentiary basis to support an award of damages on their counterclaim.

Appellants had approximately a year and a half, between the filing of their counterclaim on March 5, 1990 and Manor Square's August 23, 1991 motion for summary judgment, in which to conduct discovery. Such time period constitutes an adequate period of discovery, but appellants were unable to produce sufficient evidence to establish their damages claim for lost profits. The testimony of Spatz and Frankel was based on speculative assumptions about the damages figure and does not meet the "reasonable certainty" standard appellants were required to meet. The trial court did not err in granting Manor Square's motion for summary judgment on appellants' counterclaim. Point IV is denied.

The judgment is affirmed.

All concur.